## STATE *v.* JEAN LACOMBE.

| 12 | 195 |
| 45 | 646 |
| 12 | 195 |
| 47 | 496 |
| 12 | 195 |
| 52 | 1924 |

The District Judge did not err in refusing to charge the Jury, that the law under which the prisoner was indicted for larceny is contrary to Article 117 of the Constitution of 1852 and the corresponding Articles in the Constitutions of 1812 and 1845, prohibiting the adoption by the Legislature of any system or code of laws by general reference thereto.

The 33d section of the Act of May 4th, 1805, was in force when the first of those Constitutions was adopted, and they have no retrospective operation.

Since the adoption of the first State Constitution, it has been recognized that the common law of England is the law of Louisiana, to the extent and with the limitations provided in that section of the law of 1805.

The District Judge is prohibited by law from charging the Jury on matters of fact.

The constitutional jurisdiction of the Supreme Court, in criminal matters, not extending to facts, the depositions of witnesses form no part of the record of appeal, and the copying of such by the Clerks of the District Court, into the transcript, is consequently improper.

The Act of 1855, relative to crimes and offences, does not violate the 115th Article of the Constitution of 1852.

APPEAL from the District Court of the Parish of East Baton Rouge, *Robertson*, J. *E. W. Moïse*, Attorney General, for the State. *J. J. Burk*, for the accused.

BUCHANAN, J. The prisoner was convicted of larceny on an indictment framed under the 28th section of an Act relative to crimes and offences, approved 14th March, 1855. He was sentenced to an imprisonment at hard labor for one year, and has appealed.

The District Judge did not err in refusing to charge the Jury that the law under which the prisoner was indicted is contrary to the Article 117 of the Constitution of 1852, and the corresponding Articles in the Constitutions of 1812 and 1845.

The 33d section of the Act of May 4th, 1805, (Bullard & Curry, page 248,) was in force when the first of those Constitutions was adopted. In numerous decisions of this court, since the adoption of the first State Constitution, it has been recognized that the common law of England is the law of Louisiana, to the extent and with the limitations provided in that section of the law of 1805, which section is moreover expressly preserved in force by the 73d section of the Act relative to criminal proceedings, No. 121 of the Session Acts of 1855. In the face of these judicial and legislative recognitions of the validity of the Act of 1805 in its adoption of the common law of England as the standard of definition of crimes and the rule of criminal proceedings, we cannot think of giving the 117th Article of the Constitution of 1852, and the corresponding Articles of the Constitutions of 1812 and of 1845, a retrospective operation.

The other portion of the charge requested by the counsel of prisoner from the District Judge, refers, as we understand the bill of exceptions, to a matter of fact upon which the Judge was prohibited by law from charging. His refusal to give the charge was, therefore, perfectly correct. The argument of the counsel of appellant upon this point, in this court, turns principally upon depositions of witnesses before the committing magistrate, which, by some means or other, have found their way into this transcript. Our constitutional jurisdiction in criminal matters not extending to facts, we only notice those depositions for the purpose of admonishing the Clerks of the District Courts that the depositions of witnesses in criminal cases are no part of the record of appeal; and that the copying of such into the transcript is consequently improper.

A point is made by appellant's counsel, that the court refused to charge the jury in writing, as provided by the statute; but by reference to the bill of exceptions, it appears that the charges required in writing by the counsel, were charges which we have just decided the Judge correctly refused to give the Jury, either orally or in writing. Of such refusal there can be no record, except the bill of exceptions. A written charge of the court to the Jury, contrary to the opinion of the Judge upon the law, is a self-contradiction and an absurdity.

The Act of 1855, relative to crimes and offences, does not, in our opinion, violate the 115th Article of the Constitution of 1852.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

SPOFFORD, J., concurring. The only bill of exceptions in the record is in these words:

"The defendant, by his counsel, required the court to charge the Jury in *this writing:* That the three Constitutions, these hitherto adopted—that in 1812, superseded by that in 1845, superseded by that in 1852, this actually reigning; each and all prohibited the Legislature from adopting any foreign system of laws, specially contemplated the adoption of the common law of England in criminal matters, and more specially the instructions that larceny formed any exception to the otherwise universal rule that the jurisdiction to inquire of crimes was the place of commission, and that our statute can only be construed to have adopted of the common law of England in criminal matters the

instances denominated precised in our statute; and that the instruction that larceny forms an exception to the otherwise universal rule of the common law, is not denominated precised in our statute, but must be considered under the universal rule of our system of laws, that the jurisdiction to inquire of crimes, larceny, is the place of their commission, and not elsewhere. In the clear, uncontrovertible sense, that under our system that larceny cannot be inquired of wherever, but only where committed. The court refused to charge conformably, and to such refusal, counsel tendered this, his bill of exceptions, to be signed; this the court refused in this form, but stated it would afford counsel the opportunity to except to the court's refusing to charge the matter orally, when counsel required the oral charge, which the court refused, and signed this bill of exceptions accordingly.

                          (Signed)          W. B. ROBERTSON, Judge."

I do not think the Judge erred in refusing to charge either in "this writing" or orally, as requested by the prisoner's counsel. The object of a charge from the Judge is to enlighten Jurors as to their duties, and not to darken their understanding. The desired instructions, as detailed in the bill of exceptions, are confused and unintelligible; and I think that was a sufficient reason for refusing to give them.

Upon the constitutional questions treated of by Mr. J. BUCHANAN, I concur in his opinion.