## In the Matter of T. Reilley and C. E. LeBlanc, applying for the Approval of Warrants.

1.   Where a statute purports in its title to "fix the salaries of all deputies and employees to be paid out of the judicial expense fund;" and, as a fact, such statute does not so fix such salaries, but merely attempts to make per centum reductions upon salaries as fixed already in preceding sections, there is a violation of Art. 29 of the Constitution of this State, requiring every statute to express its object in the title.

2.   Where a statute, purporting to thus fix particular salaries, merely makes a per centum reduction upon salaries already fixed by preceding legislation, to which preceding legislation reference must still be made for the purpose of ascertaining the amounts of such salaries; held, such later statute is really an act amending the former ones, and hence, Art. 30 of the Constitution is violated; that Article prohibiting the amendment of statutes by mere reference to their titles, and requiring, in such cases, that the statute to be affected be re-enacted and published at length.

3.   Act No. 108 of 1882, is, for the reasons given, unconstitutional, null and void.

4.   It being the duty of the Judges of this Court to approve the warrants or vouchers of its officers, that duty requires of them to accord to such officers all that is lawfully theirs.   The Judges of this Court must therefore determine for themselves what is lawfully due such officers, and to approve accordingly.

*To the Honorable the Judges of the Court of Appeals in and for the Parish of Orleans :*

The petition of Terrence Reilley and C. E. LeBlanc, residents of the City of New Orleans, respectfully represents :

That pursuant to the provisions of the Constitution, the General Assembly of the State of Louisiana, at its session of 1880, passed an Act bearing the No. 130, fixing the salaries of the various employees of the Civil and Criminal Courts of this Parish, whose salaries were to be paid out of the fund known as the " Judicial Expense Fund."

That by said Act the salary of each of your petitioners, as employees of this Court, either by confirmation or by appointment of your Honors, was fixed at the sum of one hundred and fifty dollars per month.

That said salary, by law, is made payable upon a warrant issued by the Auditor against the Treasury of the State, said warrant to be issued only upon presentation of a voucher signed by the clerk of the Civil District Court, *ex-officio* clerk of this Honorable Court, and approved by one of your Honors.

That at its session of 1882, the General Assembly enacted an Act bearing the No. 108, and purporting to be an Act to amend and reënact the Act above referred to, and to make a reduction of twenty per cent. on the salary of all employees paid from said fund.

Now, your petitioners aver that they are informed and verily believe and do so charge, that the Act No. 108 of the Session of 1882 is unconstitutional, void and of no effect, and on its face in direct violation of the provisions of Acts 30 and 48 of the Constitution.

That at the suit of State ex rel. Salvador Aber vs. Allen Jumel, Auditor, No.     of the Seventh Judicial District Court of this State, a suit brought contradictorily with the State of Louisiana, to whose benefit said judicial fund enures, the said Honorable Court, by judgment now final and executory, declared said Act No. 108 of the Session of 1882, unconstitutional, null and of no

effect, and commanded the Auditor to issue his warrants to the relator, as per provisions of Act No. 130 of 1880.

Now, your petitioners represent that they are respectively docket clerk and minute clerk of this Court of Appeals, and that they have had issued to them a warrant on the Auditor for their salary for the month of May, 1883, by Jas. T. Clarke, clerk of the Civil District Court, *ex-officio* clerk of the Court of Appeals, for the sum of one hundred and fifty dollars per month. Petitioners respectfully ask the Honorable Judges of the Court of Appeals to approve said warrants, in order that they may obtain from the Auditor, on the treasury, the said amount, as provided for by law.

Petitioners respectfully pray that the Attorney General have notice of this application, in order that the relief asked for may be granted.                   TERRENCE REILLEY, Docket Clerk.

C. E. LeBLANC, Minute Clerk.

———

I have no objections to the application of the petitioners.

J. C. EGAN, Attorney General.

———

Upon this application, whereof notice was duly sent to the Attorney General, and to which he has answered, by written declaration, that he had no objection to the granting thereof, and the Court, having examined the Act No. 108 of 1882, has arrived at the following conclusion:

That the title of said Act is to fix the salaries of all deputies and employees who are paid out of the "Judicial Expense Fund," whereas it does in no manner fix the compensation of the persons to be affected by it, but merely attempts to make reductions upon salaries already fixed by preceding statutes, to which preceding statutes reference must still be made to ascertain the sums to which the public employees in question are entitled; therefore, the title of the Act does not express its true object and, hence, we consider it in violation of Art. 29 of the Constitution. We have also concluded, that inasmuch as the said Act No. 108 of 1882 does not of itself fully regulate and determine the matters upon which it is directed, but leaves in force, as it were, for completion

of itself, the various Acts of 1880, which, in detail, regulate the subject; that it is, in truth, nothing but an attempted amendment of the several Acts of 1880, to which it relates, and which are referred to in the body of the said Act itself. Art. 30 of the Constitution prohibits the amendment of any statute, by reference to its title, and requires, for valid amendment, that the Act or section to be affected should be reënacted and published at length.

This Article of the Constitution, therefore, in our opinion, furnishes the second objection to the validity of the Act complained of. It is the duty of the Judges of this Court to approve the warrants of its officers, and this duty implies that such officers shall be accorded all that is lawfully theirs. It is an obligation, therefore, upon us to determine fairly what is the lawful amounts to which they are entitled and to approve their vouchers accordingly.

W. H. ROGERS,
FRANK McGLOIN,
NEW ORLEANS, June 4, 1883. Judges.