*1536 The opinion of the court was delivered by
Milleb, J.
The relators allege that they were candidates respectively for the office of mayor and couneilmen of the city of Lafayette and were duly elected at the election of 5th May last; that their election is contested by William Campbell and other candidates for the same offices to which they claim to have been elected; that said contest is now pending before the District Court for the parish of Lafayette; the relators deny the jurisdiction of that court to determine the contest, and, their exceptionshaving been overruled, this application has been made by them for the writs of certiorari and prohibition, to restrain any further proceedings in the lower court in the suit of the contestants.
The relators urge that the jurisdiction to determine the right to office claimed by virtue of any popular election is purely statutory, and that there is no law vesting the District Court with power to entertain the suit now pending contesting the election of municipal officers of the city of Lafayette.
Our courts at an early period determined that statutory authority was essential for the judicial cognizance of suits contesting the right to office based upon popular elections. State ex rel. Foute vs. Tappan, 11 An. 187; State ex rel. Foulhouse vs. Judge, 12 An. 514; State ex rel. Rousseau vs. Judge, 13 An. 89. The Revised Statutes, the law in force when these decisions were rendered, provided only for contests of election for the offices of clerk, sheriff, recorder, coroner and other parish offices. R. S., Secs. 1419, 1421. The Legislature, by Act No. 24 of 1877, re-enacted section 1419, changing the time within which the contesting petition was to be filed; provided also for the contests of State officers and made other changes. The legislative act, No. 24 of 1894, re-enacted the act of 1877 and enlarged the jurisdiction of the District Court for the district or parish in which the election was held, so as to embrace con7 tests for any parish, district, or municipal officer, claiming to be elected by the people. The suit now pending, the proceedings in which are sought to be restrained, is clearly embraced in this amend-atory act of 1894, and to grant the writ we must reach the conclusion the act is unconstitutional and that there is no remedy of contesting the election to municipal office in the country parishes.
In support of their contention the relators invoke Art. 115 of the Constitution of 1868, under which the act of 1877 was passed. The *1537 article provides that no law shall be revived or amended by reference to its title, but the revived or amended act shall be published at length. The object of the article is that no reference to the amended act shall be requisite to trace and ascertain the change by the amendatory legislation, but that the amendment itself shall show the whole law on the subject, and additional provisions not in the amended act, if orí the same subject, may be introduced in the amended act. Arnault vs. City of New Orleans, 11 An. 54; Walker vs. Caldwell, 4 An. 297; Kohn vs. Mayor, etc., of Carrollton, 10 An. 719. The Act No. 24 of 1877 purports to amend and re-enact Secs. 1419 and 1421 of the Revised Statutes and to authorize contests of the election of State officers, and the sections are published at length. The Act No. 24 of 1894 purports to amend the act of 1877 and to authorize the contests of municipal offices, and the act as amended is published at length, embracing the added provision as to contests of election of municipal offices.. In neither case is there the prohibited amendment merely by reference to the titles, but in both cases the act as amended is published at length We, therefore, find no repugnancy in the legislation of 1877 and 1894 to Art. 115 of the Constitution of 1888 or the corresponding Art. 30 of the present Constitution.
It is claimed too by the relators that the acts of 1877 and 1894 are violative of Art. 114 of the Constitution of 1868, and of Art. 29 of the present Constitution. The first article provided that the subject of every legislative act shall be 'expressed in its title; the last article includes this requirement and another that the act must embrace but one subject. The title of the act of 1877 refers to the sections of the Revised Statutes it proposes to amend, and expresses the further purpose to authorize contests of the election of State officers. The title of the act of 1894 is to amend and re-enact the act of 1877, and besides to authorize contests for municipal offices. It has long been settled that the constitutional requirement that the the title should express the subject of the act must be understood in a reasonable sense, and to exact more than an apt, however brief, expression in the title would defeat the purpose of the Constitution. Municipality No. Three vs. Michoud, 6 An. 605; Lafon vs. Dufrocq, 9 An. 350; Kathman vs. City, 11 An. 145. The title of the act of 1877 makes a reference to the sections of the Revised Statutes to be amended, and, in our opinion, no statement of those sections was *1538 requisite in the title of the amendatory act. The title expressly announced the other purpose of the amendment. The act of 1894 in its title makes explicit reference to the act of 1877 and discloses the other object to authorize the contests of elections of municipal offices. We think that the titles to both acts are sufficiently expressive of the objects of each. It is equally clear that when the title fully covers the subject of an act, to that extent it will hold good, though in the body of the act there may be provisions not covered by the title. William vs. Payson, 14 An. 7 Black. Const. Law, p. 288. The act of 1894, even in this view, would be valid to authorize the jurisdiction of contests of elections to municipal offices expressly mentioned in its title.
All the provisions in this act of 1894 relate to the subject of election contests. It can not be deemed reasonable that there should be the necessity for separate statutes providing for the contested elections of parish, district, State and municipal offices. There is grouped in the Revised Statutes, in one section, the provision for contests for sheriff, clerks, district attorneys and other parish elective offices. The later acts dealing with other elective offices, State and municipal, bring them within the scope of the jurisdiction of the courts to entertain contests for elective offices. The sections 1419 and 1421 of the Revised Statutes are taken from the act of 1855 “ Relative to elections,” acts of 1855, No. 419. As well might all contests for elective officers now provided for by this amendatory legislation have been arrayed under the title of the act of 1855. In our view the judicial contests of elective offices have that closeness of relation as to be deemed one subject for legislation, and hence the act of 1894 is not to be deemed to include distinct subjects in the sense of Art 30 of the Constitution.
It is claimed the right to hold municipal offices to which no salary is attached is not appreciable in money, and hence the District Court had no jurisdiction of the controversy. If we sustain this contention there is no remedy for those rightfully elected to municipal offices created for the administration of government exerted through the subordinate agencies created by the State. We have had in previous cases this question of the limitation of jurisdiction to controversies purely pecuniary in their character. Under the constitutional provision that the courts shall be open for the assertion of the rights of the citizen we are not able to reach the conclusion that the *1539 jurisdictional test of amount shall be so construed as to close the courts to all suitors asserting rights of an important character, though not susceptible of pecuniary estimate. Constitution, Art 11; State ex rel. Mayor vs. Judge, 35 An. 637; Rowley vs. Rowley, 19 La. 340; State ex rel. Custodian Notarial Records vs. Théard, 45 An. 681; Sheriff, etc., vs. President Police Jury et al., 46 An. 278.
In all respects we think the lower court has the jurisdiction of the controversy, and the application is denied.
Nicholls, O. J., absent.