BREAUX, C. J.
Plaintiff, tax collector of Alexandria, authorized by Act No. 148 of 1906, proceeded by rule to compel the defendant to pay a license of $80 and statutory interest, and 10 per cent, attorney’s fee.
The Wells Fargo Company conducted an express business in Alexandria from January 1, 1912, to the date that plaintiff’s suit was filed.
Defendant answered by a general denial; averred that it is a foreign corporation; pays its license in the city of New Orleans, its principal place of business, under sections 6 and 9 of Act No. 127 of 1898; has filed its declaration of domicile in the city of New Orleans; the ordinance under which the license is claimed is unconstitutional, null, and void; taxes interstate commerce, violates thereby clause 3, section 8 of article 1 of the Constitution of the United States; foreign corporations are taxed under article 242 of the state Constitution, and domestic corporations under article -; right not conferred upon a municipality to levy a license tax.
[2] We find: Wells Fargo & Co. have an office in Alexandria, and do a general express business, paid license for years prior to 1912, and has always paid a license to the city of New Orleans. That business increased because it is now the only express company in Alexandria.
It is made manifest by the testimony that if it owes any amount at all to the city of Alexandria, it is not less than the amount claimed.
As to the right of municipalities regarding licenses:
Municipalities have a right to levy and collect a license tax, conferred by section 17 of Act No. 136 of 1898. Besides, the articles and provisions of the Constitution authorize municipalities to collect municipal taxes.
Having arrived at the conclusion that a municipality can collect a license tax on business on which the state collects a license tax, let us pass to the next question.
[1] We eliminate everything relating to interstate business as not subject to a license tax. We must nevertheless hold that under the law a foreign corporation owes a license on its intrastate business. The ordinance shows that the purpose was the collection of a license tax from foreign corporations doing business in Louisiana on their intrastate business. It is so expressed in the ordinance, and everything connected therewith (except the illegal phrase which we eliminate) shows that the purpose was to collect on intrastate business.
[3, 4] In the next place, defendant’s contention is that Act No. 171 of 1898, as it was the last act upon the subject, repealed Act No. 127 of 1898, and left the state without authority to collect from foreign corporations.
There was no repeal; it is error to contend that there was, for one of the acts relates to domestic corporations, i. e., No. 171 of 1898, and the other, No. 127 of 1898, to foreign corporations. The state had the authority to adopt separate classifications, placing domestic corporations in one class and foreign *361 corporations in the other, without in the least infringing upon any of the articles of the Constitution.
Following the subject a step further, we do not find that it is, as plaintiff chooses to contend, that under the laws applying to home companies the amount of the license is less than it is under the laws applying to foreign corporations. The reading of the statutes do not lead to that conclusion.
Plaintiff, to sustain its contention in this respect, urges that under section 10 of Act No. 171, the license would be 'less than $30. The provisions of that section relate to all classes less than class No. 10. The class to which plaintiff refers to sustain that contention is section 17 of the act, and, if number of classes counts for anything (and we think it does) then the position of the plaintiff in this respect is erroneous. He has not the right number. It must be in class of 16 or less than 10. But, if the state chooses, it can impose a larger license on foreign corporations than on domestic corporations. It is not evident that it has in this instance. As a question of policy and state interest, this should not be, but it is something with which we are not concerned at this time.
We are concerned with the legal rights of parties under the statute, and we have not found that foreign corporations thus far, as relates to license, have suffered from discrimination against their interests.
Defendant practically concedes that the state is entitled to a tax. The only difficulty it presents is in asking that this “enforced contribution” be limited to the city of New Orleans, where it now pays taxes.
The municipality’s contention is that the Fargo Express should pay a license wherever it has an office and conducts business.
Defendant urges that the tax claimed is an attempted interference with the commerce law act. We do not agree with that view. Precedents upon that important subject are entitled to great respect, particularly the decisions of the highest tribunal, the Supreme Court of the United States. The subject before us was considered in the case of Galveston-Harrisburg R. R. Co. v. Texas, 210 U. S. 224, 28 Sup. Ct. 638, 52 L. Ed. 1031. In that case, it was decided that where receipts were derived from commerce between the states and with foreign countries, the tax was unconstitutional. It is supported by a number of other decisions cited in the text. In that case the tax imposed was “equal to” 1 per cent, of the gross receipts of interstate traffic; that is, the interstate business was taken as a basis for imposing a tax in the intrastate business. The court said that this was merely an effort to reach the gross receipts under a disguise helped by the words, “equal to,” interstate business that the purpose was in reality to reach the gross receipts, not even disguised by the name of “occupation tax.” The attempted valuation of the tax did not meet with the approval of the Supreme Court. The court held that it bore so much upon commerce among the states as to amount to a regulation in a relative, immediate way.
That decision did not receive the approval of the whole bench. The minority, consisting of the Chief Justice, Mr. Justice Fuller, Mr. Justice White, Mr. Justice McKenna, with Mr. Justice Harlin as the organ, filed a vigorous dissent.
In a recent decision, with Justice Day as the organ of the court, the Supreme Court of the United States sustained the tax assessed against the United States Express Company. The business in that case was carried on between, the company and the railroad for the transportation by the railroad company of goods delivered by the express company upon the payment by the express company of a percentage of the gross receipts derived from the business carried on over the lines of the railroad company. *363 The express company carried on an express business in several states in which it had offices. The action was brought in the state of Minnesota to recover an omitted item in the return of the express company. The court said that it was settled that the state laws must not burden interstate commerce, citing a number of decisions, but said that, while not detracting from the authority of the decisions just referred to, the court had considered and determined the effect of the statutes. The court reviewed the Galveston Case, above referred to, and held that, in the ease just cited the tax to be collected was in part from the earnings of interstate commerce. The court further said that the statute embraced all receipts from business done within the state including much that was local, and thought in regard to the statute that it fell in that class showing an exercise of good faith, that the taxation was in part the proceeds of interstate commerce! which could not be taxed, but that the demands for taxes on intrastate business was legal.
In that case the Supreme Court of Minnesota had construed the tax to be property tax, measured by the gross earnings within the state, which, under their construction of the tax, included the earnings here in question. The court affirmed the decision in so far as related to intrastate commerce, and no further.
[5] The further question here is whether the obnoxious clause of the ordinance could be eliminated and the remainder enforced.
It can be thus eliminated. There is abundant authority holding that a tax ordinance may be constitutional in paivt and unconstitutional in part, but, if there remains sufficient of the ordinance separable from the unconstitutional part, that the ordinance is legal.
In Ellenbecker v. District Court, 134 U. S. 31, 10 Sup. Ct. 424, 33 L. Ed. SOI, the tax was part void and part valid. The court held it legal.
Again in Bank v. Dudley, 2 Pet. 492, 7 L. Ed. 496, the court said that the unconstitutional part could be eliminated.
Again, it has been repeatedly held that if the part unconstitutional is separable from the part constitutional, the matter will stand.
There is a long line of decisions cited in the Digest of Decisions of the Supreme Court, vol. 5, Lawyers’ Publishing Co., 5352, § 65.
Prom the foregoing views there remains only, one alternative: That is, to affirm the judgment.
Por reasons stated, it is ordered, adjudged, and decreed that the judgment is affirmed, the costs of appeal to be paid by appellant.
PROVOSTY J., dissents.
Note. — The ordinance assailed reads:
“That, for the carrying on of business commonly known as express business, each company shall pay an annual license of ten dollars upon each one thousand dollars of the gross receipts at the Alexandria office from business done wholly in this state, including the pro rata of interstate business earned within the state.”
The court eliminated in effect:
“Including the pro rata of interstate business earned within the state.”