(100 South. 287)

No. 25313.

### VILLAGE OF SOUTH HIGHLANDS v. LAGIER.

(April 21, 1924.) ·

*(Syllabus by Editorial Staff.)*

1. **Statutes** ⟐120(5)—**Omission of part of title in amendatory act held not to invalidate it.**

Act No. 107 of 1916, amending and reenacting Act No. 27 of 1915, § 1, *held* not to

violate Const. 1913, art. 31, substantially retained in Const. 1921, as article 3, § 16, requiring object of amending act to be fully expressed in title, because words not appropriate to act as amended were omitted from title in quoting title of earlier act.

**2. Statutes ⊛141(1)—Amendatory act need only give section as amended.**

Const. 1913, art. 32, re-enacted as Const. 1921, art. 3, § 17, merely requires section as amended to be published at length in amendatory act and it is not necessary to publish the act as it exists prior to amendment.

**3. Municipal corporations ⊛516—Paving assessment may not be defeated by collateral attack.**

Where work on street paving improvement, under Act No. 27 of 1915 as amended by Act No. 107 of 1916, has been done, and assessment therefor levied, abutting owner cannot undo it by collateral attack on manner or means by which advertisement for bids for doing work was published.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Assessment proceeding by the Village of South Highlands against Joseph J. Lagier. Judgment for plaintiff, and defendant appeals. Affirmed.

Fisher & Walker, of Shreveport, for appellant.

Thatcher & Webb, of Shreveport, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. The plaintiff in this case has appealed from a judgment condemning him to pay an assessment levied for the pavement of a street in front of his property.

He pleads that the statute purporting to authorize the assessment—Act 107 of 1916, amending and re-enacting section 1 of Act 27 of 1915—is violative of articles 31 and 32 of the Constitution of 1913, in force when the statute was enacted. The provisions of the two articles were retained—article 31 substantially and article 32 literally—in the Constitution of 1921, being, respectively, sections 16 and 17 of article 3.

Appellant contends, with regard to article 31, that the object of the amending act "is not fully expressed in its title," and, with regard to article 32, "that the said section as amended was not published at length."

The argument that the object of the amending act "is not fully expressed in its title" has reference to an omission of the words, "having a population of one thousand, and all incorporated parish seats," in the restatement of the title of the act that was amended. The amendment of section 1 of the Act 27 of 1915 made only two changes in the law, viz.: First, it extended to villages the authority that was theretofore conferred only upon cities and towns; and, second, it eliminated the nonresident "abutting real estate owners," in the requirement that the petition for the pavement or improvement of a street should be signed by "not less than sixty per cent. of the abutting real estate owners." The requirement now—under the amended statute—is that the petition shall be signed by "not less than sixty per cent. of the resident abutting real estate owners." That amendment, however, has nothing to do with the case. It is the other amendment that is pertinent. For convenience, we copy here the title of the Act 27 of 1915, italicizing the words that were omitted in the title of the Act 107 of 1916, viz.:

"An act to provide an additional means whereby cities and towns (the City of New Orleans excepted) *having a population exceeding one thousand, and all incorporated parish seats,* may pave, gravel, macadamize, resurface, repair, or otherwise improve, streets and alleys, and levy and collect special taxes and local contributions on property abutting thereon to defray the entire cost of such work, repair, or improvement."

The title of the Act 107 of 1916, therefore, is—

"An act amending and re-enacting section 1 of Act No. 27 of the Extra Session of the

Legislature of the state of Louisiana of the year 1915, entitled 'An act to provide an additional means whereby cities and towns (the city of New Orleans excepted) may pave, gravel, macadamize, resurface, repair, or otherwise improve, streets and alleys, and levy and collect special taxes and local contributions on property abutting thereon to defray the entire cost of such work, repair or improvement.' "

Perhaps the reason for omitting from the title of the new act, in the restatement of the title of the original act, the restriction of the authority to cities and towns "having a population exceeding 1,000, and all incorporated parish seats," was that the new act abolished the restriction, and made the law applicable to villages, as well as to towns and cities. The expression, "having a population exceeding 1,000," in the act of 1915, was superfluous, because the statute in terms, was applicable only to cities and towns and incorporated parish seats; and a municipality is not a town unless its population exceeds 1,000, or a city unless its population exceeds 5,000. See section 1 of Act 136 of 1898, p. 225.

[1] It was not necessary to state, in the title of the amending act, the complete and exact title of the act that was amended. The meaning of the requirement in article 31 of the Constitution of 1913, that the object of a statute should be expressed in its title, was that the title should be appropriate and not misleading. And that is the meaning of the requirement of section 16 of article 3 of the Constitution of 1921, that every statute shall have a title indicative of its object. There was no harm in omitting from the title of the amending act, in the restatement of the title of the act that was amended, the phrases that were were not appropriate to the act as amended. The omission could not possibly have made the title of the new act doubtful in its expression of the object of the act.

[2] The averment that section 1 of Act 27 of 1915, as amended by the Act 107 of 1916, was not published at length in the new act is a mistake. The section was not first given in its original form, in the amending act, but, as amended, it was published at length; and that is all that article 32 of the Constitution of 1913 required, and all that section 17 of article 3 of the Constitution of 1921 requires, in that respect.

The defendant averred in his answer—and proved on the trial, in defense of this suit— that the village of South Highlands had a population less than 1,000. That is a matter of no importance. The municipality is incorporated, not as a town, but as a village. Section 1 of Act 136 of 1898, pp. 224, 225, declares that municipal corporations are divided into three classes, namely, cities, towns, and villages; that those having 5,000 or more inhabitants are cities, those having less than 5,000 but more than 1,000 inhabitants are towns, and those having less than 1,000 but more than 250 inhabitants are villages, and that a municipality shall not be created with less than 250 inhabitants. It was proven that the village of South Highlands was incorporated, and it is not pretended that the population was or is less than 250.

[3] Appellant also pleaded in defense of this suit that the advertisement for bids for the paving of the street for which he is assessed, was not published in a newspaper printed or published in South Highlands. As a matter of fact there is no newspaper published in South Highlands. The village is a suburb of the city of Shreveport, and the Shreveport papers are distributed in South Highlands, the same as in the city of Shreveport and as in the other suburbs of the city. There is no post office in South Highlands. The inhabitants of the village receive their mail from the Shreveport office. In lieu of publishing the advertisement for bids in a newspaper printed or published in South Highlands, which could not be done, the advertisement was published for three weeks in two daily newspapers printed and

published in Shreveport, and distributed and circulated as well in South Highlands as in Shreveport. In addition to that publication, the advertisement for bids was posted for three weeks in three public places in the village of South Highlands.

Section 3 of the Act 27 of 1915 requires that an advertisement for bids for the work of paving or otherwise improving a street, under authority of the statute, shall be published at least twice "in some newspaper published in said city," and that the first publication shall be not less than ten days before the date set for the opening of the bids. Of course, we assume that the requirement was applicable as well to a town as to a city, if the pavement was to be done in a town and the town had a newspaper published within its territorial limits. But we doubt that the Legislature intended that the statute should be of no avail to a city or town without a newspaper. We believe that the statute is availing now even to a village without a newspaper, provided that the village complies with the requirements of the general law for the publication of municipal ordinances. That is what the village of South Highlands did in this instance. Section 3 of Act 136 of 1898, which is the general statute for the government of municipal corporations, requires that municipal ordinances shall be published for three weeks in a newspaper of the city, town, or village, if there be a newspaper published in the city, town, or village, and, if there be none, then by publication in a newspaper having general circulation in the city, town or village, and, in either case, by posting copies of the ordinance in three or more public places in the city, town, or village.

It is not necessary to decide whether, in this case, the literal compliance with the requirements of section 3 of Act 136 of 1898 was a substantial compliance with the requirements of section 3 of Act 27 of 1915, or whether the publication as made was a valid substitute for the publication which the act of 1915 would have required if it had been possible. That question would have arisen if some one having an interest in the matter had questioned, at the proper time, the authority of the municipal council to let the contract without having advertised for bids as required, literally, by section 3 of Act 27 of 1915. But, when the work is done and the assessment levied, as in this case, it cannot be undone by a collateral attack upon the manner or means by which the advertisement for bids for doing the work was published.

The judgment is affirmed at appellant's cost.