(116 So. 482)

No. 29083.

## STATE v. NEAL.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Statices** ⬅107(3)—Act entitled "Act relative to crimes and offenses," denouncing various crimes, held not unconstitutional as embracing more than one object (Act No. 120 of 1855, § 37; Rev. St. § 832; Const. 1852, art. 115).

Act No. 120 of 1855, entitled "Act relative to crimes and offenses," contained but one object in its title, and act itself, though denouncing many crimes, merely carried out single object of denouncing various acts as crimes, and hence section 37, incorporated verbatim in Rev. St. § 832, was not in violation of Const. 1852, art. 115, under which act was passed and which provided that every law shall embrace but one object which shall be expressed in title.

2. **Statutes** ⬅107(3)—Incorporation of act relating to crimes and punishments into Revised Statutes was not unconstitutional because Revised Statutes contained many objects in title (Act No. 120 of 1855, § 37; Const. 1868, art. 114).

Incorporation of Act No. 120 of 1855, § 37, relating to crimes and offenses, into Revised Statutes or Act No. 96 of 1870 was not in violation of Const. 1868, art. 114, then in force, because title of Revised Statutes contained many objects, since it was permissible for act to contain more than one object at such time.

3. **Statutes** ⬅107(3)—Act entitled "Act to amend and re-enact" section of Revised Statutes held not unconstitutional as containing more than one object (Act No. 72 of 1898, amending and re-enacting Rev. St. § 832; Const. 1898, art. 31).

Act No. 72 of 1898, entitled "An act to amend and re-enact section 832 of the Revised Statutes of 1870," contains but one object in title which is to amend and re-enact particular section and is not unconstitutional as containing more than one subject in contravention of Const. 1898, art. 31.

4. **Statutes** ⬅107(3)—Title, "Act to amend and re-enact" Revised Statutes, authorized Legislature to change subject-matter of amended section and incorporate new matter germane thereto (Act No. 72 of 1898, amending and re-enacting Rev. St. § 832).

Under title to Act No. 72 of 1898, reciting "An act to amend and re-enact section 832 of the Revised Statutes of 1870," it was proper for Legislature to make such changes within constitutional limitations in subject-matter of section as it deemed advisable and to incorporate new matter germane to that subject-matter.

5. **Statutes** ⬅107(3)—Under title "Act to amend and re-enact section," imposition of different penalties for different crimes did not give act two objects contrary to Constitution (Act No. 72 of 1898, amending and re-enacting Rev. St. § 832; Const. 1898, art. 31).

Under title to Act No. 72 of 1898, reciting "An act to amend and re-enact section 832 of Revised Statutes of 1870," Legislature was authorized to change penalty and provide different penalties for receiving stolen property and for harboring thief, and making of changes did not give act two objects in contravention of Const. 1898, art. 31.

6. **Statutes** ⬅107(3)—Act relating to stolen property did not acquire two objects contrary to Constitution by amendment prohibiting receipt of embezzled property (Act No. 72 of 1898, amending and re-enacting Rev. St. § 832; Const. 1898, art. 31).

Under title of Act No. 72 of 1898, reciting "An act to amend and re-enact section 832 of the Revised Statutes of 1870," new matter added to act by making it offense to receive not only stolen property but property that has been embezzled or obtained by false pretenses or to have such property *held* germane to subject-matter of act being re-enacted, which related to receipt of stolen goods, and did not give act two objects in contravention of Const. 1898, art. 31.

**7. Statutes ☞64(10)—Amendment prohibiting receipt of embezzled property, if not germane to act relating to stolen property, could be expunged without affecting remainder of act (Act No. 72 of 1898, amending and re-enacting Rev. St. § 832).**

Under title to Act No. 72 of 1898, reciting "An act to amend and re-enact section 832 of the Revised Statutes of 1870," addition of new matter prohibiting receipt of property embezzled or obtained under false pretenses to amended act relating to receipt of stolen property, if not germane, did not affect remainder of act, since additional matter was separable and might be expunged without affecting remainder of act.

Appeal from Ninth Judicial District Court, Parish of Rapides; Leven L. Hooe, Judge.

Pat Neal was convicted of feloniously receiving and having in his possession certain stolen merchandise. Defendant's motion in arrest of judgment was overruled, and he appeals. Affirmed.

Wade J. Broussard, of Alexandria, for appellant.

Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria, and E. R. Schowalter, Asst. Atty. Gen., for the State.

OVERTON, J. Act No. 72 of 1898, p. 95, reads as follows:

"An Act to Amend and Re-enact Section 832 of the Revised Statutes of 1870.

"Be it enacted by the General Assembly of the state of Louisiana, that section 832 of the Revised Statutes be amended and re-enacted so as to read as follows:

"Whoever shall receive, have or buy any goods, chattels, money, or thing of value, that shall have been feloniously taken, stolen, embezzled, or by false pretenses obtained from any other person, knowing the same to have been so taken, stolen, embezzled, or by false pretenses obtained, shall suffer imprisonment, with or without hard labor, not exceeding two years. Whoever shall receive, harbor or conceal any thief, knowing him or her to be a thief, shall suffer imprisonment not exceeding one year."

Section 832 of the Revised Statutes, which the act of 1898 amends and re-enacts, reads as follows:

"Whoever shall receive or buy any goods or chattels that shall be feloniously taken or stolen from any other person, knowing the same to have been so taken or stolen; or shall receive, harbor or conceal any thief, knowing him to be so, he shall restore the goods so received, or pay double the value thereof, and shall moreover suffer imprisonment at hard labor, not exceeding one year, and in default of making the restoration or payment aforesaid, shall suffer further imprisonment at hard labor, for a period not exceeding one year."

Section 832 of the Revised Statutes, which the act of 1898 amends and re-enacts, was taken verbatim from Act 120 of 1855, entitled "An act relative to crimes and offenses," and was the incorporation into those statutes of section 37 of that act.

Defendant was indicted under the act of 1898 for feloniously receiving and having in his possession certain merchandise, the property of McAdams Company, Inc., which had been previously stolen from that company, to the knowledge of defendant at the time he received the property. Defendant was tried upon the bill and found guilty. He then filed a motion in arrest of judgment, based upon the ground that the act of 1898 is unconstitutional, in that it contains more than one object, because the act makes it an offense, first, to receive stolen property, and secondly, to harbor a thief, and because the act provides two distinct penalties, one, imprisonment, with or without hard labor, not exceeding two years, for receiving stolen property, and the other imprisonment, not exceeding one year, for harboring a thief. This motion was overruled, and the bill of exception reserved is the only bill that the record presents.

[1] Act 120 of 1855, from which section 832 of the Revised Statutes was taken, was passed under the Constitution of 1852. Article 115 of that Constitution provided that:

"Every law enacted by the Legislature shall embrace but one object, and that shall be expressed in the title."

The act of 1855, the title of which is "An act relative to crimes and offenses," contains

but one object, and the act itself, though it denounces many crimes and offenses, merely carries out that one object, which may be said to be, to denounce various acts as crimes and offenses, and to provide in some instances, the manner of charging the offense committed. State v. La Combe, 12 La. Ann. 195. Therefore, when section 37 of the Act of 1855 was incorporated into the Revised Statutes as section 832, section 37 was constitutional.

[2] The incorporation of section 37 of the act of 1855 in the Revised Statutes, or Act 96 of 1870, as these statutes are otherwise designated, was constitutional, and not violative of the Constitution of 1868, then in force, by reason of the title of the Revised Statutes, for, although it may be conceded that those statutes contain many objects, still, when they were adopted, it was permissible for an act to contain more than one object. See Constitution of 1868, art. 114, and title to Revised Statutes, or Act 96 of 1870.

[3-7] Act No. 72 of 1898, which amends and re-enacts section 832 of the Revised Statutes, is not unconstitutional, as containing more than one object in contravention of article 31 of the Constitution of 1898. The title of the act, as stated, is "An act to amend and re-enact section 832 of the Revised Statutes of 1870." This title contains but one object, which is to amend and re-enact the section in question. Under this title it was proper for the Legislature to make such changes, within constitutional limitations, in the subject-matter of the section, as it deemed advisable, and even to incorporate new matter, germane to that subject-matter. Williams v. Western Star Lodge, 38 La. Ann. 620; State v. Mauzevin, 136 La. 746, 67 So. 816. The Legislature carried out the object declared in the title of the act by changing the penalty, and

165 LA.—32

by providing one penalty for receiving stolen property and a different penalty for harboring a thief. These changes it was within the province of the Legislature to make, under the title it had given the act, and the making of them therefore did not have the effect of giving the act two objects. The only new matter that was added to the section by the amendment is that the Legislature has made it an offense to receive not only stolen property, but property that has been embezzled or obtained by false pretense, or to have such property, under the same penalty as is provided for receiving stolen property. The addition of this matter, concerning which defendant raises no objection, was not objectionable, under the title of the act, for it was the addition of matter, germane to the subject-matter of the section that was being re-enacted, and does not have the effect of causing the act to have two objects. Moreover, if the matter so added were not germane, still that fact would not affect the rest of the act —the part under which defendant was prosecuted—for the added matter is separable from the rest of the act, within the rule concerning the validity of a part of an act and the invalidity of the rest of it, and may be expunged without affecting the rest of the act. State v. Cognevich, 124 La. 414, 50 So. 439; State v. Hincey, 130 La. 620, 58 So. 411; Hunter v. Wells Fargo Express Co., 134 La. 358, 64 So. 139.

In our opinion, the motion in arrest was properly overruled. The offense charged is one denounced by law, and by a statute that is constitutional.

For these reasons, the verdict and the sentence appealed from are affirmed.

O'NIELL, C. J., concurs in the decree.