177 So. 669

**STATE v. McBRAYER.**

No. 34457.

Nov. 2, 1937.

Rehearing Denied Nov. 29, 1937.

Dhu Thompson and Joe S. Guerriero, both of Monroe, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Frank W. Hawthorne, Dist. Atty., and George W. Lester, Asst. Dist. Atty., both of Monroe, and Lessley P. Gardiner, Spec. Asst. Atty. Gen., for the State.

LAND, Justice.

Defendant is charged with uttering and publishing as true a forged check and order for the payment of money, under Act No. 136 of 1934. He was tried by jury, found guilty as charged, and sentenced to the State Penitentiary for not less than three years nor more than nine years.

. As defendant has attacked the constitutionality of Act No. 136 of 1934 as a whole, we will dispose of that contention at the outset.

1. Section 833 of the Revised Statutes of 1870 defines the forgery or counterfeiting of certain public and private instruments designated therein, and also denounces as à crime the altering or publishing as true of any such false, altered, or counterfeited instruments.

Section 833 of the Revised Statutes of 1870 was amended and re-enacted by Act No. 67 of 1896. This act consists of section 1, which is divided into three paragraphs.

The first paragraph is a literal re-enactment of section 833 of the Revised Statutes of 1870.

The second paragraph of section 1 of Act No. 67 of 1896 reads as follows:

"Whoever, with intent to defraud, shall forge, counterfeit or falsely alter, any ticket, order for ticket, coupon, receipt for fare, pass, check or other paper or writing, entitling or purporting to entitle, the holder or proprietor thereof to passage upon any railway, or in any vessel or other public conveyance, and' whoever, with like intent, shall sell, exchange or deliver or keep or offer for sale, exchange or deliver or shall receive upon any purchase, exchange or delivery, any such ticket, or other paper or writing, knowing the same to have been forged, counterfeited or falsely altered, shall be guilty of forgery, and on conviction shall be punished by imprisonment at hard labor for not less than one year nor more than five years."

It is clear, therefore, that the second paragraph of Act No. 67 of 1896 defines the acts set forth therein as constituting the crime of forgery.

The third paragraph of section 1 of Act No. 67 of 1896 declares that:

"Whoever, for the purpose of restoring to its original appearance and nominal value in whole or in part, shall remove, conceal, fill up or obliterate the cuts, marks, punch holes or other evidence of cancellation from any ticket, order for ticket; coupon, receipt for fare, pass, check or other paper or writing entitling or purporting to entitle the holder or proprietor thereof to passage on any railway, and in any vessel, or other public conveyance with intent to dispose of by sale or gift, or circulate the same, or with intent to defraud a transportation company or lessee thereof, or any other person, or whoever with like intent to defraud, shall offer for sale, or in payment of fare on any railway, or in any vessel or any other public conveyance, such ticket, order for ticket, coupon, receipt for fare, pass, check, or other paper or writing entitling or purporting to entitle the holder or proprietor thereof to passage knowing the same to have been restored in whole or in part, shall, on conviction be punished by imprisonment at hard labor for not less than one nor more than five years."

Manifestly, the Legislature denounced the various acts set out in paragraph 3 of section 1 of the act as a species of forgery, and therefore included this paragraph in the general forgery statute of the State. Even if some of the acts defined in this paragraph may be considered as cognate

offenses, it is clear that they are germane to the subject matter of the act.

The whole body of Act No. 67 of 1896, therefore, relates to the crime of forgery.

The title of Act No. 67 of 1896, entitled "An Act To amend and re-enact Section 833 of the Revised Statutes of the State, and to define as a crime" the various acts contained in paragraphs 1, 2, and 3 of section 1 of that act, contains but a single object, and the act, therefore, is not broader than its title.

2. Act No. 204 of 1918 is entitled "An Act To amend and re-enact section 1 of Act No. 67 of the General Assembly of the State of Louisiana for the year 1896," giving the title of the act.

The only changes made by this act in paragraph 1 of section 1 of Act No. 67 of 1896 (section 833 of the Revised Statutes) are:

First. "Mortgage," "contract," and "check" are included in section 1 of Act No. 204 of 1918 (page 381), as instruments subject to forgery.

Second. "Alter or publish as true," contained in section 833 of the Revised Statutes, and also in paragraph 1, § 1 of Act No. 67 of 1896, is changed "to utter or publish as true."

Third. The lower limit of punishment of not less than two years at hard labor, contained in section 833 of the Revised Statutes, and also in paragraph 1, § 1, of Act No. 67 of 1896, is omitted in section 1 of Act No. 204 of 1918 (page 381), and it is provided that the offender "on conviction

shall be punished by imprisonment at hard labor for not more than fourteen years; provided, that if the forgery be of a check, draft, promissory note, or order for the payment of money, or order for merchandise, where any of said instruments shall be for an amount less than twenty dollars, the person convicted thereof shall suffer imprisonment either with or without hard labor, not exceeding two years."

Paragraph 2, for forging and altering tickets, etc., and paragraph 3 for publishing as true such altered tickets, etc., remain intact in paragraphs 2 and 3 of Act No. 204 of 1918 amending and re-enacting section 1 of Act No. 67 of 1896, except as to the punishment, which has been changed from "imprisonment at hard labor for not less than one year nor more than five years" to "imprisonment with or without hard labor for not more than five years."

3. Act No. 136 of 1934, under which defendant is prosecuted, is entitled "An Act To amend and re-enact the title and Section 1 of Act No. 67 of the General Assembly of the State of Louisiana for the year 1896, as amended and re-enacted by Act No. 204 of the General Assembly of the State of Louisiana for the year 1918," giving the title of the act.

Paragraph 1 of section 1 of Act No. 136 of 1934 (page 488) is identical with paragraph 1 of section 1 of Act No. 67 of 1896, as amended by Act No. 204 of 1918, and contains the same provisions against uttering or publishing as true any such false, altered, forged, or counterfeited instruments.

Paragraph 2 of section 1 of Act No. 136 of 1934 (page 488), prohibiting the forgery of tickets, coupons, etc., is identical with paragraph 2 of section 1 of Act No. 67 of 1896, as amended by Act No. 204 of 1918 (page 381), except that tickets "to admission to any theatre, motion picture performance or any place of amusement" are included as subjects of forgery in paragraph 2 of section 1 of Act No. 136 of 1934 (page 488), and also in paragraph 3 of section 1 of that act relating to the altering or the publishing as true of such tickets, etc.

■■■ Act No. 136 of 1934 is a general law of this State, and covers completely the crime of forgery, altering, and uttering and publishing as true false, forged, and counterfeited instruments.

This act deals with no other object, and the body of the act contains no provision that is not germane to the subject matter.

The contention of defendant that the title of the act falls into two complete parts, and that the body of the act falls also into at least two separate and distinct parts, is not well founded.

The title of Act No. 136 of 1934 is clearly indicative of the object of the act and the body of the act clearly embraces but one object.

The title of Act No. 136 of 1934 contains but one object, which is to amend and re-enact the title and section 1 of Act No. 67 of 1896, as amended and re-enacted by Act No. 204 of 1918, entitled an act to amend and re-enact section 833 of the Revised Statutes of the State, and under

this title it was proper for the Legislature to make such changes as it deemed advisable, and even to incorporate new matter germane to the subject matter. State v. Neal, 165 La. 989, 116 So. 482.

The title of an amendatory act expressing the object by a reference to and designation of the act to be amended is a substantial compliance with the requirement of the Constitution touching the description of the object in the title of a legislative act. State ex rel. Mouton v. Judge, 49 La.Ann. 1535, 22 So. 761, State v. Brown, 41 La.Ann. 771, 6 So. 638.

Our conclusion, therefore, is that Act No. 136 of 1934 is constitutional.

4. Defendant also filed a motion to quash the bill of information for the following reasons:

(1) Because of duplicity.

(2) The indictment attempts to charge disjunctively distinct and separate offenses under different statutes.

(3) The indictment attempts to charge different offenses of different statutes.

(4) In case the court should hold that the indictment is not bad for duplicity, then, defendant shows that the indictment should be quashed for the reason that it does not charge any crime under the law of Louisiana.

(5) The indictment attempts to charge defendant with having committed offenses at different times and is an attempt to cumulate several different and distinct charges in one indictment contrary to the provisions of the law.

The indictment charges that the defendant, on or about the 18th day of the month of December, 1936, did willfully, unlawfully, and feloniously, with the felonious intent to defraud, utter and publish as true a certain check and order for payment of money, drawn on the Ouachita National Bank in Monroe, La., dated on or about December 18, 1936, for the sum of $175, payable to the order of a person unknown to the State of Louisiana, and signed H. H. Reardon; he, the said James McBrayer, then and there well knowing the name of H. H. Reardon signed to said check and order for the payment of money was a forgery.

It is further stated in the indictment that the check and order for the payment of money was in the hands of the defendant, James McBrayer, and the exact date of the check and the name of the person to whom it was made payable and the exact description thereof are not definitely known to the State of Louisiana; that the defendant has failed to produce same after reasonable notice, contrary to the form of the statute of the State of Louisiana, etc.

As already stated in this opinion, section 1 of Act No. 136 of 1934 (page 488), contains the word "check and order for the payment of money," and also provides that whoever "shall utter or publish as true" any such false and forged check, or order for payment of money, knowing the same to be false and forged, with intent to injure or defraud any person, or any body politic or corporate, on conviction, shall be punished by imprisonment at hard labor for not more than fourteen years.

Defendant states in his brief at page 4 that item No. 1 in the motion to quash as to the charge of duplicity is disposed of in the opinion on rehearing in the case of State v. Mayfield, 147 La. 994, at page 1001, 86 So. 421, and therefore is not urged. It is also disposed of in State v. Jackson, 163 La. 34, 111 So. 486.

The motion to quash was overruled, and bill of exception No. 1 was reserved.

Defendant also states at page 4 of his brief that: "Items two, three and four of the motion to quash deal with the question of the constitutionality of Act No. 136 of 1934, as does the motion in arrest of judgment, which is the basis of Bill of Exceptions No. Six," reserved to the overruling of that motion.

Items 2, 3, and 4 in the motion to quash, and the motion in arrest of judgment, based on the alleged unconstitutionality of Act No. 136 of 1934, have already been disposed of in this opinion by our holding that this act is constitutional.

Bill of exception No. 4 was reserved to the refusal of the trial judge to charge that there is no statute in the State of Louisiana making it a crime or offense to utter and publish as true a forged check. This charge is also based upon the assumption of the unconstitutionality of Act No. 136 of 1934, and was properly refused by the judge a quo.

5. In item No. 5 of the motion to quash it is stated that the bill of information attempts to charge defendant with having committed offenses at different times, and is an attempt to cumulate several

distinct offenses in one indictment. This statement is based on the fact that the district attorney, in answer to a bill of particulars, averred:

(a) That the check was uttered and published to H. L. Arlig at the store of Hunt and Whittaker, located in the city of Monroe.

(d) And further answering the motion for a bill of particulars, the State alleged that the defendant did utter and publish as true the forged check in question to the following individuals in the following mercantile establishments just a few days previous to his arrest and on or about the date charged in the bill of information, namely, December 18, 1936, to wit: Mr. R. R. McCord, at the Buckhorn Saloon, Monroe, La.; Mr. Ruffin, manager of the J. E. Penny Company, Monroe, La.; Mr. Sig Haas at Sig Haas & Sons, Monroe, La.

Defendant then filed a motion to require the State to elect, and the district attorney elected to base the prosecution on the uttering and publishing of the check to H. L. Arlig at the store of Hunt and Whittaker.

Item No. 5 in the motion to quash is therefore without merit, and both the motion to quash and the motion in arrest of judgment were properly overruled by the trial judge.

6. In bill of exception No. 2, the defendant complains that, although the district attorney elected to prosecute him for having uttered and published as true a check to one H. R. Arlig, the State placed R. R. McCord on the stand as a witness and permitted him to testify to a separate and distinct uttering and publishing as true of the check, and that this evidence went to the jury as primary evidence for a conviction.

Defendant objected to this testimony, and the objection was overruled.

In the note of evidence taken at page 46 of the transcript, we find the following:

"District Attorney: The State is offering this testimony not to prove the offense charged, but to show intent and guilty knowledge and system."

In the per curiam to this bill, the trial judge states: "The testimony was admitted because the District Attorney stated it was offered to show system, intent and guilty knowledge, and from the testimony offered, these facts were shown."

The law is well settled that such testimony is admissible.

In State v. Jackson, 163 La. 34, 111 So. 486, 488, this court said: "It is well settled that evidence of independent or collateral offenses is admissible to show scienter and intent in cases of forgery and uttering forged instruments.

"It is admissible to show that, shortly before or after the fact charged, accused had made, or had held, or had uttered, similar forged instruments to an extent that renders it improbable that he should have been ignorant of the forgery. 1 Wharton, Crim. Ev. (10th Ed.) §§ 35, 36, pp. 135, 136, 137, 138, 139, 140."

Articles 445 and 446 of the Code of Criminal Procedure lay down the rule as follows:

"In order to show intent evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.

"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense."

7. In bill No. 3 defendant complains:

█ First. That the State was permitted to show the contents, form, description, and nature of the check alleged to have been uttered and published by parol or secondary evidence.

Second. That the trial judge sustained the State's objection to certain questions propounded to a State witness, H. L. Arlig, on cross-examination, with reference to the forging and uttering of checks by two individuals called Billingsby and Cole, and the sustaining of an objection to a question propounded to a defense witness by the name of Bill Bennett with reference to cashing a check for an individual accompanied by a man by the name of Claude Cole.

In the per curiam of this bill, the trial judge states that: "Parole evidence was admitted by the court to show the form and contents of the check in question after the State had proven to the satisfaction of the court that the check in question was, or had been, in the possession of defendant, and that he had failed to produce same when called upon so to do by the arresting officers on December 22, 1936, said testimony being admitted pursuant to the authority contained in article 437 of the Code of Criminal Procedure."

This article provides that: "Matters which can be proved only by written evidence can not be established by parol; but the contents of a document may be proved by parol, if its loss or destruction be shown, or if it is in the possession of the adverse party and he fails to produce it after reasonable notice." See, also, State v. Williams, 181 La. p. 470, 159 So. 719.

We find no error in the ruling made by the trial judge.

█ 8. As to the objections made by the State to certain testimony and sustained by the trial judge, it is stated in the per curiam to this bill:

"The objection of the State was sustained in this matter for the reason that the defense was attempting to prove by cross-examination of a State witness a matter of fact irrelevant and immaterial to the crime charged, and which cross-examination was on a subject matter not brought out or offered by the State on direct examination, and was based entirely on facts surrounding the arrest of a man by the name of Claude Cole, the said Claude Cole having been arrested and entered a plea

of guilty and served a sentence for uttering a forged check, which the defendant in this case contended was written by a man named Billingsby. The charge against Cole was based on an entirely different state of facts; was a separate and distinct criminal charge from the case being tried, and had been previously disposed of by the court, and was, therefore, in no way connected with the crime charged against the defendant, McBrayer. However, be that as it may, the defendant, without objection from the State, was subsequently permitted to introduce all the testimony set forth in this bill of exception by this witness and also by other State witnesses on cross-examination, and also by witnesses called by the defendant himself, and the entire matter with reference to Cole and Billingsby went to the jury the same as other facts in the case."

Under the state of facts set forth in the per curiam to this bill, we do not find "that the error complained of has resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right." Code Cr.Proc. art. 557.

The error, therefore, does not justify the setting aside of the judgment in this case.

9. Bill No. 5 is reserved to the overruling of a motion for a new trial. All the points raised in this motion have already been discussed and disposed of in this opinion.

The motion for new trial was properly overruled.

The conviction and sentence appealed from are affirmed.

HIGGINS, J., takes no part.