McCALEB, Justice.
 

 The respondents, Andrew P. Tugwell, State Treasurer, and Ludlow B. Baynard, State Auditor, have prosecuted this appeal from a peremptory order of mandamus issued by the District Court which commanded them to approve and to pay warrants drawn by the relator, Charles P. Fournet, as Fire Marshal of the State, against the avails of a special tax levied upon fire insurance companies and dedicated to the payment of relator’s salary and other expenses incurred in the discharge of his duties.
 

 Respondents claim that the judgment rendered against them is erroneous because the statute under which relator asserts his right of action has been amended or partially repealed. That statute, Section 7 of Act No. 26 of 1914, as amended by Act No. 103 of 1936, reads as follows:
 

 “The fire marshal is authorized to appoint deputies, counsel, detectives and all officers he deems necessary in the performance of the duties imposed upon him by the provisions of this Act, and any expenses incurred by the fire marshal in the performance of said duties, shall be defrayed by the fire insurance companies doing business in this State, and a tax of one-half (%) of one [1] per centum on the gross annual premium receipts, less return premiums of all such companies is hereby levied for this purpose to be paid by them to the tax collector when paying their annual licenses; the tax collector shall refuse to issue license to any fire insurance company failing or refusing to pay said fire marshal tax. The sum so collected by him shall be paid into the State Treasury
 
 *11
 
 in the same manner as other funds collected by him and to be warranted for by the fire marshal, for his salary and other expenses incurred in the discharge of the duties of his office as provided by this Act. The salary of said fire marshal is hereby fixed at five thousand dollars per annum, and is hereby made the duty of the said fire marshal to keep a separate account of all moneys received and disbursed under the provisions of this Act and he shall include same in his annual report.”
 

 The narrow issue presented for our determination in this case is whether the above-quoted section of the 1914 act, as amended, has been further amended by Sections 5, 11 and 15 of Act No. 44 of 1940 (the General Appropriation Act) so that the special tax levied upon fire insurance companies under the 1914 act remains in full force and effect and the dedication of the proceeds of said tax to the State Fire Marshal has been repealed or discontinued.
 

 Counsel for the respondents take the position that, because, by Item No. 118 of Section 5 of Act No. 44 of 1940, a specific appropriation out of the general fund is made to the State Fire Marshal for the biennium 1940-42 and, because Section 5 further provides that this appropriation is made only on the condition that all unencumbered balances on hand as of June 30, 1940, shall have been deposited with the State Treasurer to the credit of the general fund and that all fees or other receipts collected during the biennium 1940-42 shall be likewise deposited, Act No. 44 of 1940 impliedly amends Section 7 of Act No. 26 of 1914. They also maintain that, since Section 11 of the General Appropriation Act provides that all continuing appropriations in existence at the time of the adoption of the act “are hereby expressly discontinued and any provision of law making or purporting to make any such appropriation is hereby repealed * * * ”, and since Section 15 of the act repeals all laws in conflict therewith, there is plain evidence of the fact that the Legislature intended to abolish or discontinue the dedication of the tax levied by Section 7 of Act No. 26 of 1914 to the use of the State Fire Marshal.
 

 The relator, on the other hand, proclaims that this contention is manifestly unsound for various reasons, one of which is that, in view of the provisions of Section 17 of Article III of the Constitution of 1921, the Legislature is incompetent to amend a prior law or any section thereof without re-enacting and publishing the amendatory act at length.
 

 Section 17 of Article III of the Constitution provides:
 

 “No law shall be revived or amended by reference to its title, but in such cases the act revived,
 
 or section as amended,
 
 shall be reenacted and published at length.” (Italics ours.)
 

 Act No. 44 of 1940 contains no express provision indicating that the Legislature intended to alter or amend Section 7 of Act No. 26 of 1914. And, even if it did, such an attempted amendment would be void in the absence of a compliance with the method prescribed by the
 
 *12
 
 above-quoted section of. the Constitution. The jurisprudence of this State is well established that the' provisions of Section 17 of Article' 3 of the Constitution are mandatory upon the Legislature. See Arnoult v. City of New Orleans, 11 La.Ann. 54; State ex rel. Mouton v. Read, Judge, 49 La.Ann. 1535, 22 So. 761; State v. Boylston, 138 La. 21, 69 So. 860; and Village of South Highlands v. Lagier, 156 La. 150, 100 So. 287.
 

 In Arnoult v. City of New Orleans, supra, this court, in speaking of Article 116 of the Constitution of ,1852, which is identical with Section 17 óf Article III of the Constitution of 1921, said:
 

 “This was intended to prevent the amendment or revival of laws merely by a reference to their titles. It was intended that each amendment and each revival should speak for itself; should stand independent and apart from the Act revived or the - section amended. It was therefore provided that ‘in such cases,’ if the object was to revive an act, it should be ‘reenacted’ throughout; if the object was to amend an act then the ‘section amended’ • should be ‘reenacted and published at length.’ ”
 

 Counsel for respondents nevertheless maintain that a legislative enactment may be effectively amended by implication. They assert that, while the general rule is that an amendment to a pre-existing law must be express in order to be effective, this rule is not without exceptions and that an amendment by implication can occur when the terms of the later statute are so repugnant to the earlier law that they cannot stand together. And they say that a plain repugnancy exists between Act No. 44 of 1940 and Section 7 of Act No. 26 of 1914. The text of Corpus Juris, Volume 59, Section 434, is relied upon as supporting the contention.
 

 This proposition cannot be sustained. Section 434 of Volume 59 of Corpus Juris is not pertinent here because the Constitution of Louisiana expressly prohibits the Legislature from amending a statute or any section thereof unless the law or section so amended shall be re-enacted and published at length. The section of Corpus Juris depended upon by counsel deals exclusively with the general rule which applies in states where there are no constitutional provisions prescribing the method by which statutes are to be amended. Section 446 of the same volume declares;
 

 “In a large number of states the Constitutions provide in totidcm verbis, or in substance, that no statute shall be amended by reference to its title only, but the statute amended or as amended shall be set forth and published at length.”
 

 In the footnote to the text, the Constitution of Louisiana is cited among others. This section further provides:
 

 “These provisions have been uniformly held to be mandatory, and unless they are substantially, complied with, the amendatory act is void and ineffective.”
 

 The cases of State v. Boylston, supra; Kohn v. Mayor, etc., of Town of Carrollton, 10 La.Ann. 719; Walker v. Caldwell, 4 La.Ann. 297; and In re Reilley, 2 McGloin 89, are cited as cases from Lou
 
 *13
 
 isiana supporting the statement contained in the text.
 

 Hence, we hold that the provisions contained in Act No. 44 of 1940 cannot be considered as amending Section 7 of Act No. 26 of 1914 for, if they should be so regarded, an unconstitutional result would be produced.
 

 There are many other points raised by the relator which demonstrate that the defense of the respondents is not well founded. It is not necessary for us to consider these additional points in view of the conclusion we have reached.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 FOUR.NET, J., takes no part.