4 So.2d 823

**STATE v. SHADIONS.**

No. 36243.

Nov. 3, 1941.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and James U. Galloway, Dist. Atty., of Shreveport, for the State, plaintiff, appellee.

James T. Jeter, of Shreveport, for defendant, appellant.

ROGERS, Justice.

The appellant was charged by bill of information with feloniously receiving and having in his possession certain articles of jewelry and wearing apparel of the value of $250. Appellant was tried upon the bill and found guilty of receiving stolen goods of the value of $68. He then filed a motion in arrest of judgment, which was overruled, and the bill of exception reserved to the ruling is the only bill presented by the record.

The motion in arrest of judgment is predicated upon two grounds: First, that Act 369 of 1938, upon which the prosecution is founded, is unconstitutional inasmuch as the law which it sought to amend (section 832 of the Revised Statutes of 1870, as amended by Act 72 of 1898) was not enacted and published at length as required by section 17 of Article 3 of the State Constitution; and, second, that Act 369 of 1938 is broader than its title and embraces two objects in violation of section 16 of Article 3 of the State Constitution.

First. Section 17 of Article 3 of the State Constitution reads as follows: "§ 17. No law shall be revived or amended by reference to its title, but in such cases the act revived, or section as amended, shall be re-enacted and published at length."

■■ The mere reading of the constitutional provision discloses it does not require that the law which is amended shall be re-enacted and published at length. Its requirement is that the law as amended shall be reenacted and published. Act 369 of 1938, which was adopted to amend section 832 of the revised statutes of 1870, as amended by Act 72 of 1898, meets the constitutional requirement.

■ Second. After alleging that Act 369 of 1938 is violative of section 16 of Article 3 of the State Constitution, in that it embraces two objects and is broader than its title, appellant further alleges that the statute goes further than the law it attempts to amend, inasmuch as it makes the harboring of a thief an offense and prescribes the penalty therefor, which offense and penalty are not embraced in the title or in the law which it attempts to amend.

In State v. Neal, 165 La. 989, 116 So. 482, the same attack was made upon the law before its amendment by Act 369 of 1938. The title of Act 72 of 1898, which was involved in the Neal case, reads as follows: "An Act To amend and re-enact Section

832 of the Revised Statutes of 1870." This Court held that the title contained but one object, which was to amend and re-enact section 832 of the Revised Statutes; that under that title it was proper for the Legislature to make such changes, within constitutional limitations, in the subject matter of the section as it deemed advisable and even to incorporate new matter germane to that subject matter; that the Legislature carried out the object declared in the title of the legislative act by changing the penalty, and by providing one penalty for receiving stolen property and an added penalty for harboring a thief; and that it was within the province of the Legislature to make those changes under the title given to the legislative act, and, therefore, the making of the changes did not have the effect of giving the statute two objects.

The motion in arrest was properly overruled. Appellant was charged with an offense denounced by a law which is constitutional.

For the reasons assigned, the conviction and sentence appealed from are affirmed.