73 So.2d 432

KNOBLOCH

v.

17TH JUDICIAL DIST. DEMOCRATIC EX-
ECUTIVE COMMITTEE et al.

No. 41904.

June 15, 1954.

Wollen J. Falgout, Thibodaux, Wilmore
J. Broussard, Jr., Houma, Bernard L.
Knobloch, Thibodaux, for plaintiff-appel-
lant.

Elton A. Darsey, Houma, for defendants-
appellees.

PONDER, Justice.

In this mandamus proceeding the relator
is seeking to compel the Seventeenth Judi-

cial District Democratic Executive Committee to certify him as a duly qualified candidate for the nomination of District Judge of Division "A" of the Seventeenth Judicial District composed of the Parishes of Terrebonne and Lafourche. It appears that two judges are to be elected for that district, one for Division "A" and one for Division "B". Judge P. Davis Martinez, a resident of Lafourche Parish, who qualified for District Judge of Division "B", was unopposed. Judge J. Louis Watkins, a resident of Terrebonne Parish qualified as a candidate for judge of Division "A" and the relator, a resident of Lafourche Parish, also qualified as candidate for judge of Division "A". A protest was filed to the candidacy of the relator by Edward N. LeBlanc, a resident and elector from the Parish of Terrebonne, based on the provisions of Act No. 383 of 1950, as amended by Act No. 136 of 1952, LSA–R.S. 13:621, which provides that one of the judges of the Seventeenth Judicial District Court shall be a resident and elector for the Parish of Lafourche and one shall be a resident and elector for the Parish of Terrebonne. The Democratic Executive Committee, after a hearing, sustained the protest and disqualified the relator as a candidate for the nomination of the office of judge of Division "A" of the Seventeenth Judicial District. The relator brought these mandamus proceedings seeking to compel the Democratic Executive Committee to certify him as a duly qualified candidate for the nomination of judge of Division "A" of said district alleging that Act No. 136 of 1952 is unconstitutional. The lower court gave judgment in favor of the respondent decreeing the act to be constitutional and rejected the relator's demand. He has appealed.

After the appeal was lodged in this Court, the respondent filed a motion to dismiss the appeal on the ground that we were without jurisdiction to entertain it. The relator has filed a motion requesting this Court to transfer the appeal to the Court of Appeal for the First Circuit.

We are not given appellate jurisdiction where the constitutionality of a statute has been attacked except where the lower court declared it to be unconstitutional. Article 7, Section 10 of the Constitution of Louisiana.

There is no amount in dispute or fund to be distributed in this case. Since the case involves solely the assertion and enforcement of a political right we are not vested with jurisdiction of the appeal. Grace v. Boggs, 220 La. 22, 55 So.2d. 768; Allen v. Republican State Central Committee of Louisiana, 220 La. 722, 57 So.2d. 413.

Under the provisions of LSA–R.S. 13:4441, where the appellant has appealed to the wrong court, we are authorized to transfer the case to the proper court rather than dismiss the appeal.

It is hereby ordered that this appeal be transferred to the Court of Appeal for the First Circuit provided the record is filed in that court within two days from the date of this decree; otherwise the appeal shall be dismissed. The costs incurred in this Court shall be paid by the appellant and all other costs to await the final determination of the cause.