87 So.2d 297

**STATE of Louisiana**

**v.**

**Everett VERRET and Huey John Ohmar.**

**No. 42702.**

March 26, 1956.

Rehearing Denied May 7, 1956.

Did you make that statement?" (Bill of Exception No. 19)

·Blanchard & Blanchard, C. A. Blanchard, F. A. Blanchard, Donaldsonville, for defendants.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., L. O. Pecot, Dist. Atty., Nathan A. Levy, Jr., ·Asst. Dist. Atty., Franklin, for appellees.

HAMITER, Justice.

A bill of information filed by the district attorney for the Parish of St. Mary charged that Everett Verret and Huey John Ohmar, on August 5, 1955, "Possessed a device manually controlled and operated, without explosives, under circumstances which indicated that said possession was for the purpose of illegally taking commercial fish, in violation of the provisions of LSA–R.S. 56:366 of the State of Louisiana * * *." To it the defendants tendered two separate motions to quash.

In the first motion they urged that the statute under which the charge was made, Act 194 of 1952 which amended LSA–R.S. 56:366, is violative of Article 3, Section 16 of the Louisiana Constitution, LSA because: (1) it embraces more than one object and (2) the title thereto is not broad enough to include the denounced offense of possessing a prohibited device.

In the second motion to quash they contended that the provision of the act prohibiting possession under certain circumstances is violative of constitutional Article 1, Section 10 in that the definition of the offense is vague and indefinite and leaves to the district attorney and to the courts the duty, which properly belongs to the Legislature, of determining what acts constitute the crime.

The trial judge sustained the first motion to quash on the theory, as his written reasons disclose, that the title to Act 194 of 1952 did not provide for the crime of possession as denounced in the body thereof and, hence, to that extent such statute is unconstitutional and unenforceable. He did not pass on the issue raised by the second motion to quash. The state is appealing from the judgment.

�merged In view of the fact that the defendants have not been convicted and since under the statute a penalty of death or imprisonment at hard labor could not be imposed herein (in the event of conviction) we have jurisdiction of the appeal solely because "a law of this state has been declared unconstitutional." Article 7, Section 10 of the Louisiana Constitution. And our inquiry is limited to the specific issue on which the declaration of unconstitutionality was predicated. State ex rel. Chehardy v. New Orleans Parkway Commission, 215 La. 779, 41 So.2d 678. The mere attacking of a statute does not of itself vest this court with jurisdiction. Knobloch

v. 17th Judicial District Democratic Executive Committee, 225 La. 491, 73 So.2d 432 and City of New Orleans v. Ryman, 225 La. 1092, 74 So.2d 386. Consequently, the contention made in defendants' second motion to quash, which was undetermined by the trial judge, is not before us for consideration.

Article 3, Section 16 of the Louisiana Constitution of 1921, as amended, held by the district court to have been violated in the enactment of Act 194 of 1952, provides in part: "Every statute enacted by the Legislature shall embrace but one object, and shall have a title indicative of its object."

In interpreting such constitutional provision in its relation to statutes generally this court observed in Jackson v. Hart, 192 La. 1068, 190 So. 220, 221, as follows: "* * * Under corresponding sections in preceding constitutions, it was required that the object of the law be 'expressed' in its title. The effect of the changing of the wording of the constitutional provision was to relax the previous requirement that the statute must 'express' its object, so now all that is required is that the title of the statute should be 'indicative' of its object. The constitutional provision must be construed broadly rather than narrowly with a view of effectuating, not of frustrating, the legislative purpose. This is the rule prevailing everywhere for the construction of such a constitutional provision. In State v. Martin [192 La. 704] 189 So. 109,

110, recently decided, this Court quoted and approved the statement of the prevailing rule announced in Corpus Juris, volume 59, page 809, * * *. In the Martin case, the Court also referred to and reaffirmed the well settled rule of this State that, whatever is germane and incidental to the purpose may be set out in the title, but if the body of the act embraces cognate matter not strictly within the text of the title, such matter will, nevertheless, be covered by the title. Since the means adopted to carry out a law is not an object of the law, such means need not be mentioned in the title. Marr's Crim.Juris., vol. I, pp. 11, 12." See also Peoples Homestead & Savings Association v. Masling, 185 La. 800, 171 So. 36; Peck v. City of New Orleans, 199 La. 76, 5 So.2d 508; Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49, and Womach v. Varnado, 204 La. 1019, 16 So.2d 825.

Furthermore, it has been held that in amending and reenacting prior legislation the Legislature could, without violating the discussed constitutional provision, incorporate new matter that is germane to the object of the amended statute without the necessity of detailing it in the title of the amending act. State v. McBrayer, 188 La. 567, 177 So. 669; State v. Shadions, 198 La. 770, 4 So.2d 823; Succession of Pipitone, 204 La. 391, 15 So.2d 801 and Bethlehem Supply Co. v. Pan-Southern Petroleum Corporation, 207 La. 149, 20 So. 2d 737.

The title of Act 194 of 1952, which is assailed herein, recites: "To amend and re-enact Section 366 (as amended by Act 493 of 1950), of Title 56 of the Louisiana Revised Statutes of 1950, relative to the method of taking commercial fish, by prohibiting additional illegal methods of taking these fish; and Section 384, of Title 56 of the Louisiana Revised Statutes of 1950, relative to penalties, by providing increased penalties, at the discretion of the Court, for violations by the use of illegal methods of taking fish."

And the body of the statute, in addition to providing for the mentioned penalties, states: "Be it enacted by the Legislature of Louisiana:

"Section 1. That Section 366 (as amended by Act 493 of 1950), and Section 384, of Title 56 of the Louisiana Revised Statutes of 1950, are hereby amended and reenacted to read as follows:

"366. Commercial fish may be taken with any pole and line or hand line; or with any trot line wherein hooks are not less than twenty-four inches apart. No person shall take these fish by means of spears, poisons, stupefying substances, explosives, guns, bows and arrows, or traps (including lead nets and tree-topping devices) except a barbless spear used in salt water for taking flounders. Tree-topping and other identical or similar devices for trapping fish, as well as other methods and devices set out in the preceding sentence

of this section are illegal, and a violation of this Act. No person shall take these fish by means of artificially or electrically controlled or operated devices mechanically and/or manually operated with or without explosives. It shall be unlawful to possess any of the prohibited instruments, weapons, substances or devices set out hereinabove, under circumstances which indicate that said possession is for the purpose of illegally taking commercial fish."

■ Clearly such provisions, as well as those of the Revised Statutes sought to be amended, reveal that the purpose of the legislation was to regulate the manner and conditions respecting the taking of commercially valuable fish. This being true it can only be concluded that the law embraced but one object. And the several prohibitions and other regulations therein recited (including the denounced possession of outlawed devices) are germane to, and they merely serve as means for carrying out, the purpose and the object. Hence, the statute is not vulnerable to the attack of defendants that the title is not broad enough to include the defined offense with which they are charged.

For the reasons assigned the judgment appealed from is reversed and set aside, the motion to quash sustained by the trial judge is now overruled, and the case is remanded for further proceedings according to law.

SIMON, J., absent.