**89 So.2d 893**

**Archie J. MILLER et al.**

**v.**

**Wade O. MARTIN, Jr., Secretary of State, State of Louisiana.**

**No. 43193.**

Oct. 9, 1956.

Stracener & LaRose, Baton Rouge, for appellant.

Burglass & Burglass, New Orleans, Harry Fuller, Asst. Atty. Gen., for appellee.

HAMITER, Justice.

The Republican Executive Committee of the Parish of Jefferson, on August 12, 1956, adopted a resolution declaring and certifying ten certain electors to be the nominees of the Republican Party for the Police Jury offices of the mentioned parish and directing Wade O. Martin, Jr., Secretary of State of Louisiana, to cause their names to be printed on the official ballot to be used at the general election to be held on Tuesday, November 6, 1956.

A few days later three citizens, taxpayers and electors of Jefferson Parish instituted this suit against the named official to enjoin the carrying out of the direction contained in the described resolution, they alleging that the Committee's action was unauthorized and illegal for various assigned reasons. Answering, the defendant prayed "that judgment be rendered herein in accordance with the law and evidence." And filing a petition of intervention, in which they resisted the demands of plaintiff and asserted the legality of their nominations, were the ten certified nominees.

After a trial of the merits of the cause the district court rendered and signed a judgment decreeing " * * * that a permanent injunction issue herein enjoining Wade O. Martin, Jr., from placing the names of the alleged Republican nominees for the office of police jurors for the Parish of Jefferson on the ballot to be used in the general election to be held in the State on the 6th day of November, 1956."

From the judgment intervenors requested and obtained the instant appeal.

Appellants, to quote from the brief of their counsel filed in this court, state: "The basic issue of this case is the right of the electors of Jefferson Parish to hold an election to fill vacancies in the offices of police juror; the second issue is whether the Parish Executive Committee of a political party has the right and duty to call election to fill vacancies in the offices of police juror if the Governor fails or refuses to do so."

In view of this statement there can be no doubt that we are without authority to consider the appeal. It discloses that the litigation concerns solely an asserted political right which is incapable of monetary appraisal, and according to our settled jurisprudence appeals in causes of this nature are not cognizable under our appellate jurisdiction. Grace v. Boggs, 220 La. 22, 55 So.2d 768; Allen v. Republican State Central Committee of Louisiana, 220 La. 722, 57 So.2d 413; Knobloch v. Seventeenth Judicial District Democratic Executive Committee, 225 La. 491, 73 So.2d 432; State ex rel. Claiborne v. Distefano, Sr., 229 La. 1098, 87 So.2d 705 (and cases therein cited).

Therefore, it is ordered that this appeal be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of LSA–R.S. 13:4441 and 13:4442, the record to be filed in such court within three days from the date of this decree; otherwise, the appeal shall stand dismissed. Appellants shall pay the costs of the appeal to this court.