118 So.2d 438

**STATE of Louisiana**

**v.**

**Melvin VANICOR and Anice Loupe.**

No. 44931.

Feb. 15, 1960.

Rehearing Denied March 21, 1960.

Morris G. Becnel, Ama, James I. McCain, New Orleans, for relators-defendants.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Melvin P. Barre, Dist. Atty., New Orleans, Roland J. St. Martin, Asst. Dist. Atty., La Place, for plaintiff-respondent.

VIOSCA, Justice.

Defendants Melvin Vanicor and Anice Loupe were charged in a bill of information with a violation of LSA–R.S. 56:366, as amended, in that they "did * * * have in their possession a manually operated electrically controlled electric generator without explosives while they * * * were out on Bayou Des Allemand within the Parish of St. Charles, Louisiana in a green colored skiff equipped with outboard motor at which time they had in said skiff some electric wire and a washtub with fish therein, these circumstances indicating that the possession of the aforesaid electric device was for the purpose of illegally taking commercial fish contrary to the form of the Statute of the State of Louisiana, * * * ". Defendants filed a motion to quash on the ground that the statute, LSA–R.S. 56:366, and the bill of information are unconstitutional. The motion to quash was denied and a bill of exception was reserved. After trial the defendants were found guilty, and each was sentenced to serve sixty days in the parish jail and fined $100. A motion for a new trial was filed and denied and a bill of exception was reserved. Defendants also moved that the court charge itself that if defendants were found guilty, the penalty imposed should be under LSA–R.S. 56:385 and not under LSA–R.S. 56:384. To the refusal of the court to give itself this instruction, a bill of exception was reserved. Upon application by

defendants, this Court granted writs to review their conviction and sentence.

LSA–Revised Statutes Title 56, Section 366 is a part of the Wild Life and Fisheries Law of this State and regulates the method of taking commercial fish. The pertinent part of Section 366 reads:

"Commercial fish may be taken with any pole and line or hand line; or with any trot line wherein hooks are not less than twenty four inches apart. No person shall take these fish with exception of garfish, by means of spears, poisons, stupefying substances, explosives, guns, bows and arrows, or traps (including lead nets and tree-topping devices) except a barbless spear used in salt water for taking flounder and any skin diver operating for sport in salt water for taking fish, when submerged in the water and using standard underwater spearing equipment. Garfish may be taken by means of spears, guns, bows and arrows, or traps. Tree-topping and other similar devices for trapping fish, as well as other methods and devices set out in the preceding sentence of this Section are illegal, and a violation of this Section. No person shall take these fish by means of artificially or electrically controlled or operated devices mechanically or manually operated with or without explosives. It shall be unlawful to possess any of the prohibited instruments, weapons, substances or devices set out hereinabove, under circumstances which indicate that said possession is for the purpose of illegally taking commercial fish.

"It shall be unlawful to possess any electric shocking machine or electric devices in, on or around any fishing boat or vessel or any other raft, rig or other craft designed for water travel."

In their motion to quash the defendants allege that LSA–R.S. 56:366 is unconstitutional as being in violation of Section 10, Article I of the Louisiana Constitution, LSA in that the statute and bill of information are: (1) too vague, general and uncertain; (2) susceptible of many interpretations and constructions; and (3) do not establish an ascertainable standard of guilt.

Specifically defendants attack the following portions of the statute, to-wit: the possession of electrical devices *"under circumstances which indicate the said possession is for the purpose of illegally taking commercial fish"* and the possession of "any electric shocking machine *or electric devices"* in, *on or around any fishing boat* or vessel or any other raft, rig or other craft designed for water travel. Defendants contend that the possession prohibitions of the statute referred to are unconstitutional as being too broad, vague and uncertain, in failing to specify the "circumstances which

indicate the said possession is for the purpose of illegally taking commercial fish", and in failing to define what electric devices it is illegal to have in one's possession in, on or around any watercraft. Defendants further point out that it is not illegal per se to possess electric devices in watercraft.

This statute was before us on two previous occasions. In State v. Blanchard, 226 La. 1082, 78 So.2d 181 the bill of information under which defendant was charged was held to be fatally defective. The bill charged that defendant "unlawfully possessed a mechanically and/or manually operated device, without explosive, for the purpose of illegally taking commercial fish; in violation of the provisions of (LSA–) R.S. 56:366 of the State of Louisiana, as amended by Act 194 of 1952." We stated:

"The bill of information follows the language of the statute but *the statutory words do not in themselves set forth the elements necessary to constitute the offense intended to be punished.*

"As a general rule where an indictment follows the language of the statute it is sufficient, but this rule is without application where the words of the statute do not sufficiently describe or legally characterize the offense denounced. Where a statute characterizes the offense in general or generic terms, an information charging an offense in the words of the statute is insufficient and specific facts on which the charge is based must be set out in the information." (Italics ours.)

The constitutionality of the statute was not at issue in that case. In State v. Verret, 229 La. 934, 87 So.2d 297, where the same question raised in this case was presented, we found it unnecessary to decide that question.[1]

1. In that case, two motions to quash were filed to a bill of information charging possession of a device manually controlled and operated under circumstances which indicated that said possession was for the purpose of illegally taking commercial fish in violation of LSA–R.S. 56:366. The first motion to quash was based on the contention that the statute violates Article 3, Section 16 of the Constitution in that it embraces more than one object and the title is not broad enough to include possession. The second motion to quash raised the same question that is before us in this case. The trial judge sustained the first motion to quash, holding that the title did not provide for the crime of possession as denounced in the body of the act and hence to that extent the statute was unconstitutional and unenforceable. On appeal to this Court, we held that the law embraced but one object and that the title was broad enough to include the defined offense of possession. However, at that time, the last provision of the statute prohibiting possession of electric devices in watercraft had not yet been adopted by the Legislature. We declined to pass upon the second motion to quash because it had not been passed upon by the court below. We reversed the judgment and remanded the case for further proceedings.

The information in this case is couched in language which charges a violation of both possession provisions of the statute, that is, it charges defendants with possession of an electric generator in a boat, which is violative of the second provision, and it charges them with possession of the generator under circumstances indicating that the possession was for the purpose of illegally taking commercial fish, which is violative of the first provision. While the information is thus duplicitous and does not cumulate the offenses either conjunctively or disjunctively, its validity vel non on this ground is not before us as no demurrer or motion to quash raising this question was timely filed as required by LSA–R.S. 15:221, the defendants confining their attack on the information and the statute to the unconstitutionality of both of the possession provisions of the statute.

The phrase "under circumstances which indicate that said possession is for the purpose of illegally taking commercial fish" is too vague, general and uncertain in our opinion to meet constitutional requirements. The legislature has failed to specify what these "circumstances" are. The statute furnishes no clear definition of the word and no guide or standard by which such circumstances can be judged. It is susceptible to many interpretations. Criminal laws are stricti juris and this Court has consistently refused to usurp legislative prerogatives by supplying definitions omitted in criminal statutes. State v. Penniman, 224 La. 95, 68 So.2d 770. "The citizen cannot be held to answer charges based upon penal statutes whose mandates are so uncertain that they will reasonably admit of different constructions. A criminal statute cannot rest upon an uncertain foundation." United States v. Capital Traction Co., 34 App.D.C. 592, 19 Ann.Cas. 68. This statute is very much like the one that was before us in State v. Murtes, 232 La. 486, 94 So.2d 446, 448, where we held too broad and therefore unconstitutional the phrase "in any way interested" in any contract for highways or other public work, and the ordinance before us in City of Shreveport v. Brewer, 225 La. 93, 72 So.2d 308, where we likewise held too broad and therefore unconstitutional the phrase "without a satisfactory explanation" used in an ordinance which made it a crime to be on the streets of the city after midnight without satisfactory explanation.

The provision of LSA–R.S. 56:366 which makes it a criminal offense to possess any electric device in or around a fishing boat or watercraft is likewise unconstitutional. It is so extensive in its scope that it penalizes possession of all electric devices on watercraft whether used

for legitimate purposes or not. It does not define the specific prohibited devices. It encompasses innumerable electric units or instrumentalities such as electric clocks, electric radios, electric starters, electric stoves, wireless apparatus and many other electric devices which in themselves it is not illegal to possess and many of which are necessary for the legitimate operation of watercraft. Under the terms of this statute it would be impossible to operate a motorboat requiring the use of batteries, generators, or other electric devices for any purpose whatsoever without committing a crime. The mere possession of such electric devices in watercraft bears no relationship to the evil intended to be prohibited, namely, the illegal taking of commercial fish; and the prohibition of such possession without restriction is an unreasonable exercise of the State's inherent right and power to protect and conserve its wild life.

Since we have determined that the possession provisions of LSA–R.S. 56:366 are unconstitutional it becomes unnecessary to pass upon defendants' other bills of exception.

For the reasons assigned, the writs are made peremptory; the convictions and sentences are annulled and set aside, and the defendants are hereby discharged.

118 So.2d 442