STATE OF LOUISIANA

VERSUS

FELTON THOMPSON

NO. 23-K-337

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

_____ April 04, 2024 _____

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** FELTON THOMPSON

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEPHEN D. ENRIGHT, JR., DIVISION "N", NUMBER 19-0534

Panel composed of Judges Stephen J. Windhorst,
Scott U. Schlegel, and Jason Verdigets, Pro Tempore

**WRIT DENIED**

Defendant, Felton Thompson, seeks review of the trial court's denial of his Motion for Verdicts Other Than Conviction to be by Concurrence of Ten Jurors. For the following reasons, we deny the writ application.

*Procedural History*

On January 28, 2019, the Jefferson Parish District Attorney filed a bill of information, charging defendant with aggravated burglary in violation of La. R.S. 14:60 (count one) and sexual battery in violation of La. R.S. 14:43.1 (count two). Both offenses are alleged to have occurred on or about October 7, 2016.

On March 3, 2023, defendant filed a Motion for Verdicts Other Than Conviction to be by Concurrence of Ten Jurors, wherein he asked the trial court to instruct the jury "that a verdict of conviction must be unanimous but that any other verdict may be rendered by the concurrence of ten jurors." The State filed an Opposition to Defense's Motion for Verdicts Other Than Conviction to be by Concurrence of Ten Jurors and

23-K-337

Motion for Special Jury Instructions on March 14, 2023. A hearing was held on March 29, 2023, and the trial court denied defendant's motion on May 10, 2023, stating:

> And the matter is submitted to the Court. And at this time, the Court does deny the Defense motion, first of all just from the standpoint of commonsense. This Court is of the belief that if there is a unanimous verdict that's required for a conviction, then there needs to be a unanimous verdict that's required for an acquittal. And, so, the motion filed by the Defense to have the Court hold that for an acquittal it would need a ten out of twelve only but for a conviction twelve out of twelve is hereby denied at this time.

Defendant now seeks review of the trial court's denial of his motion.

***Discussion***

> La. Const. art. I § 17(A) states in pertinent part:
>
> A case for an offense committed prior to January l, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January l, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

Similarly, La. C.Cr.P. art. 782(A) states in pertinent part:

> …A case for an offense committed prior to January l, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. A case for an offense committed on or after January l, 2019 in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.

In this case, the offense was committed prior to 2019, so Defendant requested a special jury charge stating that a verdict of not guilty requires only ten jurors to concur.

Defendant argues that the United States Supreme Court in *Ramos v. Louisiana,* 590 U.S. --, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), found that unanimity is required for convictions only by operation of the Sixth and Fourteenth Amendments to the United States Constitution, and that *Ramos* did not address the question of nonunanimous acquittals nor did it declare the provisions governing nonunanimous acquittals in La. Const. art. I, § 17 and La. C.Cr.P. art. 782 to be unconstitutional.

2

In its opposition, the State argues that La. Const. art. I, § 17 and La. C.Cr.P. art. 782 are superseded and rendered unconstitutional per *Ramos.* And, despite the fact that *Ramos* was silent on the issue of whether unanimity is required for acquittals, the State asserts that unanimity is required to render any verdict, whether it be to convict or acquit. We agree.

Based on the plain language of La. Const. art. I § 17(A) and La. C.Cr.P. art. 782(A), we find that the use of the word "verdict" encompasses all verdicts. Louisiana law does not distinguish between verdicts of conviction or acquittal.

We further note that this Court recently "reiterated [its] position that unanimous verdicts are required to convict or acquit in felony cases." *See State v. Seymore,* 23-50 (La. App. 5 Cir. 9/20/23), 371 So.3d 587, 590 (citing *State v. Robinson*, 21-K-197 (La. App. 5 Cir. 4/28/21) (unpublished writ disposition), *writ denied*, 21-1315 (La. 8/27/21), 323 So.3d 381); *see also State v. Mills*, 23-1332 (La. App. 1 Cir. 2/16/24), 2024 WL 660257; *State v. Heard*, 22-378 (La. App. 3 Cir. 11/23/22), 353 So.3d 326, 337, *writ denied*, 22-1829 (La. 4/18/23), 359 So.3d 508 (citing *State v. Rodgers*, 21-190 (La. App. 3 Cir. 4/14/21), 318 So.3d 315, 316, *writ denied,* 21-675 (La. 9/27/21), 324 So.3d 87), where the first and third circuits examined proposed jury instructions regarding acquittals and found that unanimity is required for all verdicts.

We thus conclude that in cases in which the punishment is necessarily confinement at hard labor, the jury must unanimously reach a verdict to acquit as well as to convict. Accordingly, the trial court did not err in denying defendant's motion for a special jury instruction. The writ is denied.

Gretna, Louisiana, this 4th day of April, 2024.

**JMV**
**SUS**

3

STATE OF LOUISIANA

VERSUS

FELTON THOMPSON

NO. 23-K-337

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WINDHORST, J., DISSENTS WITH REASONS**

I respectfully disagree with the majority disposition and dissent, and I would grant the writ to the extent of ordering the trial court to instruct the jury that at least 10 of 12 jurors must concur to reach a verdict of "not guilty." Neither the U.S. or Louisiana Supreme Courts have held, or even implied, that a unanimous jury is required for **acquittals**. The language of both the Louisiana Constitution Article 1, Section 17(A) and La. C.Cr.P. art. 782 establish a clear right to verdicts of acquittal by 10 of 12 jurors for offenses committed prior to January 1, 2019 and necessarily punishable by hard labor. Neither of these provisions has been struck down, amended, or deleted.

In his writ application, defendant-relator, Felton Thompson, seeks supervisory review of the trial court's denial of his "Motion For Verdicts Other Than Conviction To Be By Concurrence Of Ten Jurors." Despite the title of his Motion, defendant-relator argues primarily for the non-unanimous instruction for a verdict of acquittal. I address only the acquittal issue.

**PROCEDURAL HISTORY**

On January 28, 2019, the Jefferson Parish District Attorney filed a bill of information charging defendant with aggravated burglary in violation of La. R.S. 14:60 (count one) and sexual battery in violation of La. R.S. 14:43.1 (count two), both alleged to have occurred October 7, 2016. On March 3, 2023, defendant his "Motion For Verdicts Other Than Conviction To Be By Concurrence Of Ten Jurors," which argued for a non-unanimous acquittal.

23-K-337

With his Motion, defendant moved the court for a jury instruction that "a verdict of conviction be unanimous but that any other verdict may be rendered by the concurrence of ten jurors." Defendant argued that while a verdict to convict must be unanimous by operation of the Sixth and Fourteenth Amendments, only ten jurors must concur for a not guilty verdict. Defendant relied on the United States Supreme Court decision in Ramos v. Louisiana, 590 U.S. —, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), asserting that the U.S. Supreme Court did not address the question of non-unanimous acquittals, nor did it declare Louisiana's constitutional or statutory provisions (La. Const. art. I, § 17 and La. C.Cr.P. art. 782 providing for non-unanimous verdicts to be unconstitutional. Because his alleged offenses occurred before January 1, 2019 and the law in effect at the time required only the concurrence of ten jurors to render a verdict, relator argued that an acquittal requires only concurrence of ten jurors in this case. La. Const. art. I, § 17 and La. C.Cr.P. art. 782.

The State opposed defendant's Motion, asserting that unanimity is required for all verdicts. The State relied on rulings from this court and the Louisiana Third Circuit Court of Appeal that previously rejected the same argument by other defendants. See, State v. Robinson, 21-197 (La. App. 5 Cir. 4/28/21)(unpublished writ disposition); State v. Rodgers, 21-190 (La. App. 3 Cir. 4/14/21), 318 So.3d 315, writ denied, 21-675 (La. 9/27/21), 324 So.3d 87; and State v. Heard, 22-378 (La. App. 3 Cir. 11/23/22), 353 So.3d 326. After a hearing on March 29, 2023, the trial court denied defendant's Motion on May 10, 2023, finding a unanimous verdict is required for both a conviction and an acquittal.

I disagree with the reasoning in the cases cited, and further point out that they are not precedent and are not binding authority.

**LAW and ANALYSIS**

In 2018, the legislature passed and the voters of Louisiana ratified an amendment to the Louisiana Constitution, Article 1, Section 17(A), effective December 12, 2018, which provides:

> A case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

In the same legislative session, the legislature amended La. C.Cr.P. art. 782 to include a provision identical to the amendment above, contingent upon ratification of the Constitutional amendment. Thus, in all cases tried by jury, for offenses which occurred before January 1, 2019 and which were necessarily punishable by confinement at hard labor, **all** verdicts reached by the jury required only ten of twelve jurors, including a verdict of "not guilty."

### *Unanimous Verdicts for Acquittal Are* **Not** *Required by <u>Ramos</u> or <u>Gasser</u>*

Sixteen months later, the U.S. Supreme Court decided in <u>Ramos</u> that all trials by jury which result in *conviction* of a crime or crimes must be by unanimous verdict of the jury. The <u>Ramos</u> Court did not, however, address non-unanimous *acquittals*, thus leaving in place a Louisiana defendant's Constitutional and statutory right of the accused to obtain an acquittal by only ten of twelve jurors when on trial for an offense committed before January 1, 2019 and necessarily punishable by confinement at hard labor.

In <u>State v. Gasser</u>, 22-64, (La. 6/29/22), 346 So.3d 249, the Louisiana Supreme Court made clear that **neither** they nor the U.S. Supreme Court had made **any** decision on whether a verdict of acquittal must be unanimous. The Louisiana Supreme Court expressly made this point twice in <u>Gasser</u>**:**

We likewise find it unnecessary to address the issue of whether a non-unanimous verdict is required for an acquittal post-Ramos. First, *Ramos only addressed the constitutionality of non-unanimous verdicts to convict and made no findings with respect to acquittals.* Second, the only issue before this Court is whether the State may retry defendant on the higher charge of second-degree murder. . . . Thus, although *we express no opinion on this issue at this time, even if unanimity is now required for an acquittal, this rule cannot invalidate a lawful acquittal*, even one implied by the conviction of a lesser included offense. [Emphasis added.]

State v. Gasser, 346 So.3d at 265.

Thus, *neither* Ramos nor Gasser extinguished the **right** to a 10 of 12 jurors acquittal which exists in Louisiana for offenses committed prior to January 1, 2019. With no such judicial determination, unanimous jury decisions for acquittals did not suddenly become mandated, and the still-existing right to a 10 of 12 verdict for acquittals was not inexplicably lost.

### *The Writ Denials in Rodgers & Robinson Are Inapplicable*

The State and the majority rely on the denial of writs in Rodgers, and Robinson. I find these writ dispositions to be both unpersuasive and non-authoritative. The State also cites Heard, which relies on the previous denial of the writ by the same court in Rodgers. In Rodgers, the Third Circuit denied the writ, stating that unanimity was required in all verdicts:

While Ramos does not specifically address a non-unanimous verdict of not guilty, arguably permitting a lesser requirement than a verdict of conviction, *we can find no other jurisprudence* to *suggest* the standard for a verdict of not guilty, or an acquittal, to be less than that required for conviction. We conclude from the Supreme Court's analysis in Ramos that the Constitution requires unanimity in all verdicts, not just guilty verdicts. [Emphasis added.]

Rodgers, 318 So.3d at 318.

I disagree. No "other jurisprudence" supporting a non-unanimous verdict for acquittal is necessary to maintain still-valid provisions of law (See Gasser except above). That authority is in La. Const. Article 1, Section 17(A) and La. C.Cr.P. art. 782, neither struck down, limited, amended, or deleted.

4

Moreover, Rodgers was the *denial* of an application for a supervisory writ, which does not set a precedent.

In Heard, the Third Circuit addressed an argument that it should reconsider its decision in Rodgers based on the Gasser, in which the Louisiana Supreme Court ruled that the ten to two jury verdict of guilty of manslaughter served as a valid acquittal of defendant's second degree murder charge based on the principles of double jeopardy. The Third Circuit declined to reconsider its decision in Rodgers, concluding that its decision in Rodgers was not inconsistent with the Gasser decision. As a result, the Third Circuit reiterated its determination that unanimity is required for all verdicts, despite that neither the U. S. Supreme Court in Ramos, nor the Louisiana Supreme Court in Gasser, had addressed non-unanimous verdicts of acquittal. Thus, Heard relies on the non-authoritative writ denial in Rodgers, the substance of which I respectfully find to be unpersuasive.

This court denied a writ application on the identical issue raised in Robinson, stating:

> [W]e conclude that Ramos, 140 S.Ct. 1390, does not support defendant's argument that he is entitled to his requested jury instruction. ***It makes no distinction between acquittals and convictions when declaring non-unanimous verdicts unconstitutional.*** Thus, finding no error in the trial court's ruling . . . , denying defendant's motion for a special jury instruction at trial to inform the jury of twelve people that only ten of them must concur in a verdict of not guilty, we find no reason to reconsider the trial court's ruling on the State's motion. [Emphasis added.]
>
> Robinson, 21-197, p. 4-5.

I also disagree with the reasoning in Robinson. For reasons stated above, and expressly stated in Gasser, Id., the Ramos Court declared only non-unanimous *convictions* to be unconstitutional, not acquittals. The supposed *absence* of any distinction between non-unanimous acquittals and convictions, as suggested by Robinson, has no significance, especially considering that the discussion and analysis in Ramos related exclusively to a defendant *convicted* by a

non-unanimous jury. The lack of a distinction between non-unanimous acquittals and convictions in Ramos is not significant, but expected. Aside from that, a conclusion of **un**constitutionality of a jury's acquittal under existing valid law is practically inconceivable. The only issue in Ramos was, and could only involve, non-unanimous *convictions*.

Moreover, Robinson was also an unpublished *denial* of an application for a supervisory writ, which does not set a precedent.

In State v. Seymore, 23-50 (La. App. 5 Cir. 9/20/23) 371 So.3d 587, the defendant was charged with second degree murder. In a post-Ramos trial, the trial court ruled that the jury's 10-2 verdict of guilty to the responsive offense of manslaughter operated as a "not guilty" verdict of second degree murder, and barred retrial of the defendant on the charge of second degree murder, citing Gasser. This court reversed, finding that unlike in Gasser and Robinson, the Seymore jury's 10-2 verdict of *guilty* to manslaughter was *not* a valid non-unanimous verdict and was of no effect, so it did not operate "to acquit" the defendant of the second degree murder charge. Thus, because the non-unanimous "verdict" in Seymore on the lesser offense was a *conviction*, and *not an acquittal*, it has little relevance to the case before us.

In discussing the requirement of a unanimous verdict for *conviction* of a responsive verdict, the Seymore opinion correctly concluded that a non-unanimous "*conviction*" of a responsive verdict is illegal and of no effect, and therefore did not "acquit" the defendant of the original charge, but it was **not** a decision on non-unanimous acquittals by a jury. Therefore, use of the words "or acquit" was incidental, and in this context might well be considered *dicta*. Regardless, it was certainly not authoritative on acquittals by a jury.[1]

---

[1] The subject of non-unanimous acquittals was not raised, assigned as error, or briefed in Seymore.

*The Flaw of the Majority's Core Argument*

Having citing the cases above, the majority expressly and unequivocally admits that "despite the fact that **Ramos was silent on the issue of whether unanimity is required for acquittals,**" unanimity is nonetheless required to render *any* verdict, whether it be to convict or acquit.

The majority states its core reasoning for its conclusion:

> Based on the plain language of La. Const. art. I § 17(A) and La. C.Cr.P. art. 782(A), we find that the use of the word "verdict" encompasses all verdicts. Louisiana law does not distinguish between verdicts of conviction or acquittal.

The indisputable fallacy of this logic is that it ignores that both La. Const. art. I § 17(A) and La. C.Cr.P. art. 782 expressly state that all such verdicts for pre-2019 offenses, including acquittals, shall be by concurrence of **10** jurors. When Ramos was later decided, its unanimity requirement applied *only to convictions*, as the majority now clearly concedes. The Louisiana Supreme Court said the same in Gasser. This admitted "silence" as to acquittals left in place and enforceable the accused's right of a 10 of 12 verdict of acquittal.

Lastly, I point out the obvious**:** that criminal laws and doctrine are construed *stricti juris* (of strict right). State v. Vanicor, 239 La. 357, 365, 118 So.2d 438, 441 (1960); State v. Penniman, 224 La. 95, 98, 68 So.2d 770, 771 (1953). It is therefore well-settled in Louisiana law that uncertainties in the application of criminal laws are resolved in favor of the accused.

**CONCLUSION**

For the foregoing reasons, I would find the trial court's ruling denying relator's "Motion For Verdicts Other Than Conviction To Be By Concurrence Of Ten Jurors" to be in error, to the extent that it denies a 10 of 12 instruction for acquittal. Accordingly, I would grant this writ, and order the trial court to instruct the jury that at least 10 of 12 jurors must concur to reach a verdict of "not guilty."

**SJW**

7

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **04/04/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-337**

**E-NOTIFIED**

24th Judicial District Court (Clerk)
Honorable Stephen D. Enright, Jr. (DISTRICT JUDGE)
Richard J. Bourke (Relator)                    Thomas J. Butler (Respondent)

**MAILED**